GEORGE E. BAUMGARDNER, ADMINISTRATOR OF THE
ESTATE OF NON THI BAUMGARDNER, DECEASED

v.

SOUTHWESTERN VIRGINIA MENTAL HEALTH INSTITUTE, ET AL.

Record No. 930625

April 15, 1994

Present: All the Justices

*Charles L. Bledsoe (McAfee, Bledsoe, Lovell & Lee,* on brief), for appellant.

*Byrum L. Geisler (William W. Eskridge; Penn, Stuart, Eskridge & Jones,* on brief), for appellees.

JUSTICE KEENAN delivered the opinion of the Court.

This appeal presents an issue of sovereign immunity arising from the trial court's dismissal of a negligence action pursuant to a stated exception in the Virginia Tort Claims Act, Code §§ 8.01-195.1 to -195.9 (the Act).

George E. Baumgardner, administrator of the estate of Non Thi Baumgardner, filed a motion for judgment against Southwestern Virginia Mental Health Institute (Southwestern), the State Mental Health and Mental Retardation Board (the Board)[1], and the Commonwealth of Virginia. Baumgardner alleged that the negligence of the defendants' employees, who were acting within the scope of their employment, caused the decedent's death while she was a patient at Southwestern. Southwestern is controlled and maintained by the Commonwealth, through the Board. Baumgardner alleged that the defendants were liable pursuant to Code § 8.01-195.3, which imposes limited liability upon the Commonwealth for "personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment under circumstances

---

[1] Since 1987, the Board has been known as the State Mental Health, Mental Retardation and Substance Abuse Services Board. *See* Code §§ 37.1-1.2 and 37.1-3.

where the Commonwealth . . . , if a private person, would be liable to the claimant for such . . . injury or death."

The motion for judgment alleges that, on April 29, 1991, at 6:00 p.m., the decedent was admitted to Southwestern as a patient, pursuant to a Civil Mental Temporary Detention Order (detention order) issued by the General District Court of Lee County. In the detention order, Southwestern was

> ORDERED to detain said patient for a maximum of 48 hours from time of admission to his/her hearing . . . . The [patient] may also be transported to such other facility as may be necessary to obtain emergency medical evaluation or treatment prior to placement in the hospital. The institution and examining physician may provide *(only emergency)* medical and psychiatric services pursuant to this order. The patient may not be released prior to the expiration of such period except by order of court.[2]

According to the motion for judgment, the decedent was "housed within isolation in a holding cell within the facility." At 11:55 p.m. that same day, when the decedent became agitated, she was placed in a "4-6 point" restraint. She was found dead in her room at approximately 1:00 a.m. on April 30, 1991.

The motion for judgment alleges that the defendants were negligent in failing to provide the decedent adequate non-emergency, as well as emergency, medical care. Specifically, it alleges that the defendants' employees negligently failed to provide adequate care, order proper testing, properly diagnose the decedent's condition, sedate the decedent when she became agitated, communicate the decedent's complaints to her physician, monitor the decedent's condition, and properly resuscitate the decedent. An autopsy revealed that the decedent died from a cardiac arrhythmia.

The trial court sustained the defendants' demurrer on the ground that the defendants are immune from liability under Code § 8.01-195.3(4), which excludes from the Act's waiver of immunity "[a]ny claim based upon an act or omission of an officer, agent or employee of any agency of government in the execution of a lawful order of any court." The trial court ruled that the detention order authorized not only the actual detention of the decedent, but also medical and psychiatric treatment necessary during the period of detention. The trial

---

[2] The hearing referenced in the detention order is an involuntary commitment proceeding, governed by Code § 37.1-67.3.

court concluded that "any negligent acts or omissions by the defendants were in execution of a lawful court order" and dismissed Baumgardner's case.

On appeal, Baumgardner argues that Code § 8.01-195.3(4) is inapplicable to his allegations of negligence, because the motion for judgment addresses only events occurring during the course of the detention, rather than the validity of the detention itself. Baumgardner asserts that the alleged acts and omissions are outside the purview of the detention order, since the order mandated only the decedent's detention, not any provision of medical care.

In response, the defendants argue that Baumgardner's negligence claim is precluded by the plain and unambiguous language of Code § 8.01-195.3(4), because the acts and omissions complained of occurred "in the execution of a lawful order" of the Lee County General District Court. We agree with the defendants.

 In the absence of express statutory or constitutional provisions waiving immunity, the Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents and employees. *Virginia Elec. & Power Co. v. Hampton Redevelopment & Hous. Auth.,* 217 Va. 30, 32, 225 S.E.2d 364, 367 (1976); *Elizabeth River Tunnel Dist. v. Beecher,* 202 Va. 452, 456-57, 117 S.E.2d 685, 689 (1961); *Eriksen v. Anderson,* 195 Va. 655, 657, 79 S.E.2d 597, 598 (1954). In 1981, the General Assembly provided for an express, limited waiver of the Commonwealth's immunity from tort claims by enacting Code § 8.01-195.3 and the other provisions of the Act. *See Commonwealth v. Coolidge,* 237 Va. 621, 623, 379 S.E.2d 338, 340 (1989). Because the Act is a statute in derogation of the common law, its limited waiver of immunity must be strictly construed. *See Hyman v. Glover,* 232 Va. 140, 143, 348 S.E.2d 269, 271 (1986); *Norfolk & W. Ry. Co. v. Virginian Ry. Co.,* 110 Va. 631, 646, 66 S.E. 863, 868 (1910).

 The language of Code § 8.01-195.3(4) is unambiguous. As stated above, in this exception, the General Assembly excluded from the Act's application "[a]ny claim based upon an act or omission . . . in the execution of a lawful order of any court."

 The plain meaning of this provision preserves the Commonwealth's immunity from liability for the acts and omissions alleged in the motion for judgment. The detention order directed Southwestern "to detain said patient for a maximum of 48 hours from time of admission to his/her hearing." All the acts and omissions alleged in the motion for judgment occurred while Southwestern and its employees lawfully were engaged in executing the court's detention order. Thus,

Baumgardner's claim is a claim based upon acts or omissions "in the execution of a lawful order of any court."

In reaching this conclusion, we reject Baumgardner's assertion that, because the alleged acts and omissions were discretionary in nature, they fall outside the exception set forth in Code § 8.01-195.3(4). By its terms, Code § 8.01-195.3(4) does not exclude discretionary acts from its scope; instead, it specifically encompasses any claim that is based upon acts or omissions occurring in the execution of a lawful court order. Moreover, the immunity of the Commonwealth, unlike that of its employees, is absolute unless waived. *See James v. Jane,* 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980). Therefore, we conclude that the Commonwealth has not waived immunity for discretionary acts that occur in the execution of a lawful court order.

For these reasons, we will affirm the trial court's judgment.

*Affirmed.*