## CIRCUIT COURT OF THE CITY OF RICHMOND

Melissa D. Stancil

v.

Chesterfield Health Department
and Commonwealth of Virginia

June 5, 1996

Case No. ML-3792

BY JUDGE JAMES B. WILKINSON

The plaintiff in this case was examined at the Chesterfield Health Department as part of her regular gynecological checkup on August 12, 1993. A pap smear was performed during this checkup, from which a tissue sample was taken and referred to the laboratory for testing. The plaintiff alleges that the sample was mistakenly switched with another sample during the transfer by the Chesterfield Health Department employees and that the switched sample revealed potentially cancerous cells.

The plaintiff alleges that the Chesterfield Health Department then mistakenly advised the plaintiff of the alleged cancerous cells, who was referred for and later underwent surgery to remove the cells from her cervix on September 9, 1993.

The plaintiff then filed suit against the Commonwealth of Virginia and the Chesterfield Health Department to collect damages for the misdiagnosis and unnecessary treatment she later received. The defendant Chesterfield Health Department filed a Plea of Sovereign Immunity, and the defendant Commonwealth of Virginia filed a Motion to Dismiss for Failure to Comply with the Virginia Tort Claims Act. Both issues were argued before this court and taken under advisement.

## Issues

(1) Whether the plaintiff complied with the notice provision of the Virginia Tort Claims Act, and (2) whether or not the Chesterfield Health Department is immune from suit as an agent of the Commonwealth.

## Discussion of Issue One

The Virginia Tort Claims Act provides an express limited waiver of the Commonwealth's immunity from tort claims. In the absence of express waiver of immunity, the Commonwealth is immune from liability from tortious acts or omissions of its employees and agents. *Baumgardner v. Southwestern Va. Mental Health Inst.*, 247 Va. 486, 489 (1994); see also, *Virginia Elec. & Power Co. v. Hampton Redevelopment & Housing Auth.*, 217 Va. 30, 225 S.E.2d 364 (1976). Because the Virginia Tort Claims Act is a statute in derogation of the common law, its limited waiver of immunity must be strictly construed. *Halberstam v. Commonwealth*, 251 Va. 248 (1996) (citing *Baumgardner*, 247 Va. at 489 (1994)).

Section 8.01-195.6 of the Virginia Tort Claims Act lays out the following notice requirement:

> Every claim cognizable against the Commonwealth or a transportation district shall be forever barred unless the claimant or his agent, attorney, or representative has filed a written statement of the nature of the claim, which includes the time and place at which the injury is alleged to have occurred and the agency or agencies alleged to be liable. The statement shall be filed with the Director of Risk Management or the Attorney General within one year after such cause of action accrued if the claim is against the Commonwealth. If the claim is against a transportation district, the statement shall be filed with the chairman of the commission of the transportation district within one year after the cause of action accrued. However, if the claimant was under a disability at the time the cause of action accrued, the tolling provisions of § 8.01-229 shall apply. The claimant or his agent, attorney, or representative shall, in a claim cognizable against the Commonwealth, mail the notice of claim via the United States Postal Service by certified mail, return receipt requested, addressed to the Director of the Division of Risk Management or the Attorney General in Richmond. The notice, in a claim cognizable against a transportation district, shall be mailed via the

United States Postal Service by certified mail, return receipt requested, addressed to the chairman of the commission of the transportation district.

In any action contesting the filing of the notice of claim, the burden of proof shall be on the claimant to establish mailing and receipt of the notice in conformity with this section. The signed return receipt indicating delivery to the Director of the Division of Risk Management, the Attorney General, or the chairman of the commission of the transportation district, when admitted into evidence, shall be prima facie evidence of filing of the notice under this section. The date on which the return receipt is signed by the Director, the Attorney General, or the chairman shall be prima facie evidence of the date of filing for purposes of compliance with this section.

Va. Code § 8.01-195.6 (Michie 1977 as amended).

The plaintiff, through counsel, delivered a notice of claim by hand to the Director of Risk Management and the Attorney General by letter dated August 19, 1994. There is no disagreement that the letter was actually received. Rather, the issue is whether the method of hand delivery comports with the notice requirement of the statute. After reviewing the statute, the court finds that it does not.

The statute is clear and unambiguous. In fact, it provides for the specific evidence which will, if submitted, sufficiently carry the claimant's burden of proving compliance under this statute:

In any action contesting the filing of the notice of claim, the burden of proof shall be on the claimant to establish mailing and receipt of the notice in conformity with this section. *The signed return receipt indicating delivery to the Director of the Division of Risk Management, the Attorney General, or the chairman . . . shall be prima facie evidence of the filing of the notice under this section.* The date on which the return receipt is signed . . . shall be prima facie evidence of the date of filing for purposes of compliance with this section.

*Id.* (emphasis added).

The claimant provides no such evidence in conformity with the requirements of the statute and did not meet his burden of proof in this action contesting the filing. The Code requires that the notice of claim be filed by

certified mail, return receipt requested. The plaintiff in this case, however, delivered the notice by hand.

The court admits the result of non-compliance is severe, but the Act is a limited and express waiver of sovereign immunity which must not be compromised. The statute clearly requires the written notice of claim to be filed by certified mail, return receipt requested, yet the claimant delivered a notice in a manner unauthorized by the statute. The claim against the Commonwealth, therefore, is forever barred.

### Discussion of Issue Two

A brief review of Virginia's common law doctrine of sovereign immunity is necessary in order to determine the merits of Chesterfield Health Department's Plea of Sovereign Immunity.

In the case of *Messina v. Burden*, 228 Va. 301 (1984), the Virginia Supreme Court declared the doctrine of sovereign immunity to be "alive and well" in Virginia. *Id.* at 307. The decision in *Messina* actually arose from the culmination of two similar cases wherein the question of immunity was examined with respect to employees of governmental agencies.

The plaintiffs in both cases contended that the doctrine no longer had viability in Virginia and argued for its abolishment. The court reviewed the goals which the doctrine was intended to serve and determined that sovereign immunity continues to serve:

> a multitude of purposes, including, but not limited to, protecting the public purse, providing for the smooth operation of government, eliminating public inconvenience and danger that might spring from officials being fearful to act, assuring that citizens will be willing to take public jobs, and preventing citizens from improperly influencing the conduct of governmental affairs through the threat or use of vexatious litigation.

*Id.* at 308.

As a governmentally funded and operated health clinic in the County of Chesterfield, the Chesterfield Health Department is an agent of the Commonwealth. *Lohr v. Larsen*, 246 Va. 68 (1993). Providing adequate health services to the citizens of the Commonwealth is a very important function of the government. The agency relationship between the Chesterfield Health Department and the Commonwealth of Virginia is not disputed by the parties.

Although the Virginia Tort Claims Act presents a limited waiver of tort immunity for the Commonwealth, the Act presents no such waiver for agents and/or employees of the Commonwealth. In fact, the Act specifically negates waiver of immunity for agents and employees in the last paragraph of the statute:

> Nothing contained herein [the Act] shall . . . be applicable to any county, city or town in the Commonwealth or be so construed as to remove or in any way diminish the sovereign immunity of any county, city, or town in the Commonwealth.

Virginia Code § 8.01-195.3.

Moreover, the immunity of agents of the Commonwealth has been upheld in case after case where no waiver was effected. As stated above, no waiver of immunity is effected for agents and employees of the Commonwealth unless constitutionally or statutorily waived. *Baumgardner v. Southwestern Va. Mental Health Inst.*, 247 Va. 486, 489 (1994).

In *Lohr v. Larsen*, 246 Va. 68 (1993), the Supreme Court affirmed the trial court's ruling that a state-employed health clinic physician is entitled to the protection of the doctrine of sovereign immunity from liability for his acts of ordinary negligence. The facts in that case are very similar to the facts in the case before the court, differing slightly in that the plaintiff filed suit against the individual doctor rather than the health clinic where she was treated. *Id.* at 83.

Here, the health clinic itself is being sued in its capacity as an agent of the Commonwealth. As such, the Chesterfield Health Department is immune from liability for its tortious acts or omissions.

### Conclusions

The plaintiff did not comply with the notice provisions required under the Virginia Tort Claims Act, and the defendant Commonwealth of Virginia's Motion to Dismiss is granted pursuant to Va. Code § 8.01-195.6. As an agent of the Commonwealth, the defendant Chesterfield Health Department is entitled to sovereign immunity, and its Plea is sustained.

### Order

The Court, having on May 8, 1996, taken under advisement the Commonwealth of Virginia's Motion to Dismiss and the Chesterfield Health Department's Plea of Sovereign Immunity and having further considered the argument of counsel, it is ordered that the Commonwealth of Virginia's Motion to Dismiss is granted.

It is further ordered that the Chesterfield Health Department's Plea of Sovereign Immunity is sustained, and this matter is hereby dismissed with prejudice.