Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell and Koontz, JJ., and Whiting, Senior Justice

ANDREW BRADICK

OPINION BY JUSTICE LAWRENCE L. KOONTZ, JR.

v. Record No. 962531                              JUNE 6, 1997

GRUMMAN DATA SYSTEMS CORPORATION
 and NORTHROP GRUMMAN CORPORATION

UPON A QUESTION OF LAW CERTIFIED BY THE UNITED STATES
COURT OF APPEALS FOR THE FOURTH CIRCUIT


By order entered on January 15, 1997, this Court accepted the certification, by the United States Court of Appeals for the Fourth Circuit, of the following question of Virginia law:

Does the common law of Virginia provide a wrongful discharge remedy to an employee of an employer covered by the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., where the employee is discharged on account of his disability or the employer's perception of his disability?


Background

The question arises from a civil action brought by Andrew Bradick against his former employer, Grumman Data Systems Corporation (Grumman Data), in which Bradick alleges that the employer wrongfully discharged him from employment on account of disability in violation of the common law of Virginia.[1]

The relevant facts are not in dispute and are contained within the order of certification. Bradick was an employee-at-will of Grumman Data in Virginia from October 15, 1990 until he

---

[1]Bradick's suit was initially filed in the Circuit Court of Fairfax County and subsequently removed by the defendants to the United States District Court for the Eastern District of Virginia. Northrop Grumman Corporation, an initial defendant, was dismissed by stipulation of the parties. Following an adverse decision in the district court, Bradick has appealed to the United States Court of Appeals for the Fourth Circuit.

was discharged on May 26, 1994.  Bradick's job performance was satisfactory to his employer.  However, while on vacation in Mexico in 1993, Bradick contracted a severe case of histoplasmosis.[2]  Because the disease caused Bradick to have recurrent attacks of extreme fatigue, Bradick's physician recommended that he take a leave of absence from his employment with Grumman Data on three occasions.  Bradick's discharge occurred following the third of these leaves.

Bradick asserts in his pleading that he was and is able to adequately perform the duties of his former job.  Therefore, he asserts that his discharge was in violation of public policy because it was based on his physical disability or Grumman Data's perception that he suffers from a physical disability.

Beginning with Bowman v. State Bank of Keysville, 229 Va. 534, 331 S.E.2d 797 (1985), we have recognized a narrow public policy exception to this Commonwealth's employment-at-will doctrine, which ordinarily permits either the employer or the employee to terminate the employment relationship without incurring liability.  We have explained that this exception applies to discharges which violate public policy.  See Lawrence Chrysler Plymouth Corp. v. Brooks, 251 Va. 94, 98-99, 465 S.E.2d 806, 809 (1996).  We also have explained that the cause of action arises not from the statute or statutes which express the public policy relied on by the employee, but from the narrow exception within the common law recognized in Bowman.  See Bailey v. Scott-

---

[2]Histoplasmosis is a fungal infection of the lungs.

<u>Gallaher</u>, 253 Va. 121, 125, 480 S.E.2d 502, 504 (1997); <u>Lockhart</u> <u>v. Commonwealth Educ. Systems Corp.</u>, 247 Va. 98, 105, 439 S.E.2d 328, 331 (1994). Upon these principles, we have permitted former at-will employees to maintain common law actions for wrongful discharge under the narrow exception recognized in <u>Bowman</u> where the conduct alleged would have violated Virginia's public policy against race and gender discrimination as reflected in the Virginia Human Rights Act (VHRA), Code § 2.1-715. <u>See</u> <u>Bailey</u>, <u>supra</u> (gender); <u>Lockhart</u>, <u>supra</u> (race and gender).

We have never before considered whether the narrow exception recognized in <u>Bowman</u> permits a cause of action for unlawful discharge from at-will employment based upon a disability. However, it is not disputed that both the VHRA and the Virginians with Disabilities Act (VDA), Code §§ 51.5-1 to 51.5-52, contain clear expressions of Virginia's public policy opposing discrimination against disabled persons.

In the present case, unlike <u>Lockhart</u> and <u>Bailey</u>, in order to determine the applicability of the exception recognized in <u>Bowman</u>, we must determine whether the common law cause of action has been abrogated by the General Assembly when it enacted the VDA. The VDA creates a comprehensive administrative procedure to combat discrimination on account of disability in employment, education, commerce, and civic affairs. Code § 51.5-41, which contains the Act's prohibitions against employment discrimination, specifically provides in subsection (F) that "[t]his section shall not apply to employers covered by the

federal Rehabilitation Act of 1973."[3]  Code § 51.5-46 provides for the relief available for violation of the substantive provisions of the VDA, and subsection (C) specifically provides that "[t]he relief available for violations of this chapter shall be limited to the relief set forth in this section."

Grumman Data is subject to the federal Rehabilitation Act of 1973 and, thus, is exempt from the employment discrimination provisions of the VDA.  The issue presented in this case, then, is whether the exclusivity provision of Code § 51.5-46(C) abrogates any action employees like Bradick might have under Virginia common law for wrongful discharge from at-will employment based on disability.  We hold that it does not.

While it is true that the VDA and the federal Rehabilitative Act of 1973 have similar purposes, nothing in the VDA expressly makes either the federal Act part of the VDA's statutory scheme or the provisions of the one applicable to the other.  The exemption provision of Code § 51.5-41(F) applies "to employers covered by the federal Rehabilitation Act of 1973."  (Emphasis added.)  Nothing in this language expressly addresses or otherwise implicates the claims an employee in this situation might have under the federal or state Acts.  Rather, this code section expressly exempts certain employers from the application of one section of the VDA.  The VDA was enacted in derogation of the common law and, therefore, it must be strictly applied and

_____

[3]The federal statute addresses, inter alia, employment discrimination against persons with disabilities by employers with federal contracts.

not "enlarged in [its] operation by construction beyond [its] express terms."  See C. & O. Railway v. Kinzer, 206 Va. 175, 181, 142 S.E.2d 514, 518; see also Baumgardner v. Southwestern Virginia Mental Health Inst., 247 Va. 486, 489, 442 S.E.2d 400, 401 (1994).

The exclusivity provision of Code § 51.5-46(C) applies to "violations of this chapter."  Because employers, such as Grumman Data in this case, who are covered by the federal Rehabilitative Act of 1973 are not subject to the employment discrimination provisions of the VDA, pursuant to Code § 51.5-41(F), actions by such employers which constitute disability discrimination in employment are not "violations of this chapter."  Thus, it is clear that Code § 51.5-46(C) limits only the relief for claims that are brought under the substantive provisions of the VDA, and has no application to a claim which might be brought against an employer subject to the federal Rehabilitation Act of 1973. Moreover, a statute which does not apply to acts of an employer, and provides no remedy to an employee if those acts violate public policy, cannot be said to be a statutory abrogation of an employee's common law cause of action based on those acts.

For these reasons, we hold that, based on the public policy expressed in the VDA and VHRA at the time of Grumman Data's alleged act of discrimination, the common law of Virginia provides a wrongful discharge remedy to an employee, such as Bradick, of an employer covered by the federal Rehabilitation Act of 1973 where the employee is discharged on account of his disability or the employer's perception of his disability under

the narrow exception recognized in <u>Bowman</u>.

<u>Certified question answered in the affirmative</u>.

JUSTICE COMPTON, with whom CHIEF JUSTICE CARRICO and JUSTICE STEPHENSON join, dissenting.


I would answer the certified question in the negative.

The statement of Virginia's public policy against disability discrimination is contained in the Virginians With Disabilities Act (VDA), Code §§ 51.5-1 through -52.  The General Assembly has stated explicitly that the VDA provides the exclusive state remedy for employment discrimination based on disability:  "The relief available for violations of this chapter shall be limited to the relief set forth in this section."  Code § 51.5-46(C).  Violations "of this chapter" refers to disability discrimination generally.  Code § 51.5-41(A) ("No employer shall discriminate in employment or promotion practices against an otherwise qualified person with a disability solely because of such disability.").

The majority argues that the VDA does not apply because the employer, a government contractor, was not covered by the VDA. Clearly, the VDA does not apply to employers "covered by the federal Rehabilitation Act of 1973."  Code § 51.5-41(F).  But this does not save Bradick's claim.

The VDA's clear statement that it does not apply to employers covered by the federal Act plainly indicates that the General Assembly did not intend employees, who could proceed against their employers under the federal Act, to have the option of proceeding under the VDA, the exclusive state remedy.