# CIRCUIT COURT OF THE CITY OF RICHMOND

Martin Hart

v.

Shridhar V. Bhat et al.

Case No. LC-356-3

Pam Mardigian

v.

Shridhar V. Bhat et al.

Case No. LC-357-3

July 10, 1997

BY JUDGE T. J. MARKOW

The matter is before the Court in both cases on Defendants' Special Pleas in Bar and Plaintiffs' Motions to Compel. As the two cases present identical legal issues at this stage, the Court will consider them together. The Court has reviewed the briefs and arguments of counsel, as well as the relevant legal authority, and renders the following opinion.

Plaintiffs allege that they were employed by Defendants at the time this dispute arose. Defendants were in the business of operating residential living facilities, including group homes, for elderly and mentally ill individuals on public assistance. Defendants would bill federal programs such as Medicare and Medicaid for the residential and medical services they provided the residents of the facilities.

These adult residential services are provided under a license issued by the Virginia Department of Social Services (VDSS). Plaintiffs allege that

they were hired, at least in part, to help correct problems that had caused the Defendants' facilities' difficulties with licensing compliance, resulting in a provisional license. Plaintiffs claim that they informed Defendants of problems with the facilities but that Defendants refused to correct them. Plaintiffs allege that they responded truthfully to inquiries from VDSS, and as a result, their responsibilities were reduced to involvement in just one of the facilities run by the Defendants.

Eventually, VDSS advised Defendants that it would deny their licensing renewal application for the facility in which Plaintiffs worked. Plaintiffs allege that, in an attempt to defraud VDSS, Defendants demanded that Plaintiffs sign pre-prepared false affidavits to the effect that Defendants had never been advised of the condition of the facility. Defendants refused to sign the affidavits. Plaintiffs prepared and sent a memorandum to Defendant Bhat objecting to the affidavit, objecting to Defendants' protest of lack of knowledge, and objecting to the Defendants' violations of state regulations and law. Plaintiffs allege that at this point, they were fired.

Thereafter, Plaintiffs hired an attorney to represent their interests in this dispute. The attorney contacted Defendants to let them know of his representation and intentions. Defendants' attorney contacted Plaintiffs' attorney and offered an unconditional reinstatement of both Plaintiffs in their previous positions and previous salaries with full back pay. Defendants claimed that the whole thing was just a misunderstanding and that the Plaintiffs were never fired.

Plaintiffs never responded to the offer, which lapsed by its own terms, shortly thereafter. Plaintiffs initiated this suit, for wrongful termination, based on the tort claim recognized by the Virginia Supreme Court in the case of *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985). Plaintiffs also submitted certain discovery requests. Defendants filed a Special Plea in Bar claiming that the reinstatement offer barred the Plaintiffs' claims. Defendants asked the Court to stay discovery, which they believed would prove unnecessary once the Plea was considered.

All parties agree that there is no precedent in Virginia for Defendants' position. The cause of action alleged by Plaintiffs is relatively new, and not many cases have been decided in this area. Among those that have been decided, none have addressed the issue before the Court.

In support of their plea, Defendants cite the Court to some cases decided by Federal courts. Those cases are distinguished from the case at bar. They were not decided under the common law tort at issue in this case, or even under Virginia law. Instead they were based on Federal statutes creating a cause of action for wrongful termination of employment.

The Virginia Supreme Court has been very specific that the tort of wrongful termination arises out of the violation of an articulated public policy. That policy may be embodied in a statute. The cause of action does not, however, arise out of a violation of a statute. *Bradick v. Grumman Data Systems Corp.*, 254 Va. 156 (1997). The cases cited by Defendants represent plaintiffs suing for violations of federal statutes.

Furthermore, the statutes involved in those cases provide remedies available for a violation. As such, the Court faced with such a case could simply compare the offer of a reinstatement to the available remedies to determine whether the rejection of the offer left the plaintiff without a remedy. Since, at the time the case cited was decided, the only remedy available under the applicable statute was reinstatement and back pay, it is certainly understandable that the Court in that case held that, in turning down an unconditional offer of reinstatement and back pay, the plaintiff was left without a remedy. *See, Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219 (1982).

Even if that case did apply, it recognizes, in a footnote, that if special circumstances existed making it reasonable for a plaintiff to reject an unconditional offer, the plaintiff may still have a cause of action. *See id.* at 238, n. 27. At this point, the Court is not willing to say whether the rejection of the offer by Plaintiffs here was, in fact, reasonable. That is not an issue properly before the Court.

Rather, the question for the Court is, if the facts and circumstances alleged by the Plea in Bar are proven true, would they constitute an absolute and complete defense to the action before the court. *See Nelms v. Nelms*, 236 Va. 281, 289 (1988). If this question is answered in the negative, the Court has no need to pursue the question further; the Plea must fail.

The Court finds that, at best, the allegations made by the Defendants might constitute a partial defense, possibly to the measure of damages. The Court is not able or willing at this point to say that the offer made by Defendants constitutes the whole of the relief available to these Plaintiffs. That issue remains for another day. Another issue which remains for another day is whether the Plaintiffs' claims are affected by their rejection of the offer at all, i.e., a failure to mitigate damages. These issues are not before the court in a Plea in Bar.

The only issue addressed by the Court is whether the fact that Plaintiffs rejected an offer, effectively a settlement offer, made by defendants, after a tort allegedly had occurred and attorneys had been brought into the dispute, bars them from being able to pursue their claim. The Court finds that it does not. As such, the Defendants' Special Pleas in Bar shall be overruled.

14

Like-wise, the Defendants' Motions to Stay Discovery are overruled. The Plaintiffs' Motions to Compel shall be granted.