# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Danny Lee Averitt, II

v.

Commonwealth of Virginia

December 30, 1998

Case No. CL98-523

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether DMV's habitual offender determination is based on valid qualifying convictions.

### Facts

The petitioner was declared an habitual offender by DMV pursuant to Virginia Code § 46.2-352 on February 5, 1996, and his license was revoked. The predicate or qualifying convictions are as follows: (1) a conviction in Virginia Beach General District Court on October 25, 1991, for driving on a suspended license; (2) a conviction in Virginia Beach General District Court on June 26, 1992, for driving on a suspended license; and (3) a conviction on August 20, 1992, in Virginia Beach Circuit Court for driving on a suspended license. (In each case, the suspension has resulted from failure to pay fines and costs.)

On November 24, 1998, the petitioner filed in this court a petition of appeal of the DMV determination. DMV received a copy of the petition and certified a transcript of the petitioner's record. In compliance with § 46.2-353, DMV has stayed the petitioner's revocation. A hearing was held on December 21, 1998.

### Validity of Predicate Offenses

In essence, the petitioner contends that the DMV determination is wrong because one of the predicate offenses relied upon by DMV in making its

determination is invalid. At the hearing, the petitioner presented a certified copy of a judgment order (on a Virginia Uniform Traffic Summons Form) of the Virginia Beach General District Court. Although the order is undated, it appears from other notations on the document to be the June 26, 1992, conviction order listed on the petitioner's transcript.

The order is undated and unsigned.

In *Dicker v. Commonwealth*, 22 Va. App. 658 (1996), the Court of Appeals held that "informational deficiencies" of a general district court conviction order do not necessarily invalidate the conviction. There, the district court had failed to check certain boxes on the form. Rejecting the petitoner's argument that the conviction order was void, the Court of Appeals pointed out that § 46.2-352 provides that the DMV transcript constitutes prima facie proof of the convictions therein listed and that informational deficiencies in the conviction order do not rebut the prima facie presumptions.

This case does not involve informational deficiencies. The predicate conviction order is unsigned and undated. An unsigned conviction order is no order at all. It is void and thus cannot be considered as a predicate or qualifying conviction for purposes of declaring a person an habitual offender. When the petitioner presented a certified copy of this unsigned order as evidence, he successfully rebutted the prima facie presumption created by § 46.2-352.

### Collateral Attack

An habitual offender adjudication cannot be collaterally attacked by raising for the first time the invalidity of one of the predicate offenses. *Eagleston v. Commonwealth*, 18 Va. App. 469 (1994).

This is not a collateral attack. The petitioner has appealed DMV's determination that he is an habitual offender.

### Timeliness of Appeal

Virginia Code § 46.2-352 provides that *at any time* after a DMV habitual offender determination, a person may file a petition of appeal in the circuit court. Therefore, the petitioner's request for relief is timely even though it was made two and a half years after the determination.

## Conclusion

The DMV determination is reversed and dismissed, and the petitioner's privilege to drive shall be restored unless he is ineligible for reasons unrelated to this case.