# CIRCUIT COURT OF LOUDOUN COUNTY

Maria Da Gloria Vieira,
Administratrix and
Personal Representative
of the Estate of
Carlos M. Vieira,
Deceased, et al.

v.

Arthur V. Stern
and Commonwealth of Virginia

July 7, 1999

Case Nos. (Law) 18320, 20752, 20753, 20754

BY JUDGE JAMES H. CHAMBLIN

These four cases are before the Court upon the Demurrers and Pleas of Immunity of the Commonwealth of Virginia. After consideration of the argument of counsel on April 2, 1999, and June 4, 1999, and the memoranda submitted by counsel, the Demurrers and Pleas of Immunity are sustained for the reasons that follow.

The cases arise out of an automobile accident, which occurred on May 26, 1996, at the intersection of Routes 659 and 621 in Loudoun County. One case is a wrongful death suit. The other three are personal injury suits. In each case, the Plaintiffs allege that the Defendant, Arthur V. Stern, negligently ran the stop sign on Route 659. They also make allegations of negligence, gross negligence, and public nuisance against the Commonwealth.

Also, in each case, Stern has filed a cross-claim against the Commonwealth alleging negligence. On April 2, 1999, each Plaintiff and Stern were ordered to particularize all acts or omissions they allege against the

Commonwealth which form the basis for the motions for judgment and the cross-claims.

In each motion for judgment, it is alleged that the Virginia Department of Transportation ("VDOT"), the Commonwealth Transportation Board ("Transportation Board"), and the Board of Transportation Safety ("Transportation Safety Board"), their agents and employees acting within the scope and course of their respective agencies and employments were both negligent and grossly negligent due to their failure to design and maintain the intersection where the accident occurred with reasonable care for the public and individuals occupying vehicles traveling through the intersection. It is also alleged that the aforesaid entities created and maintained a public nuisance at the intersection.

The Plaintiffs further allege that the:

dangerous conditions present at said intersection combined to obstruct the view of Mr. Stern (or any other driver) as he approached Route 621 from Route 659 due to the configuration of the roadways, the varying elevations (consisting of hills and dips) of Route 659 in the 300 yards prior to its intersection with Route 621, and the inadequate warnings of the approaching intersection on southbound Route 659 as it approached Route 621. Said warnings should have consisted of rumble strips, flashing signs, warning signs, cautions painted on the roadway, etc. Said responsible state agencies failed to correct what they knew and should have known to be a dangerous intersection where numerous accidents occurred prior to May 26, 1996, of which said agencies had both actual and constructive notice of. Said responsible state agencies were in receipt of numerous citizen warnings and complaints concerning the dangers present at said intersection prior to May 26, 1996, but negligently failed to act on said warnings and complaints. As a direct and proximate result of said negligence plaintiffs sustained the damages referred to in paragraphs 7 and 8 of this Motion for Judgment.

In their bills of particulars, the Plaintiffs state that they rely only upon the lack of warnings specified in the motions for judgment and give the particulars of a specific complaint received by the state agencies.

In his cross-claim against the Commonwealth, Stern merely alleges that if the Plaintiffs sustained damages as alleged, then they were due in whole or in part to the negligence of the Commonwealth. In his bill of particulars, Stern

merely notes the same allegations against the Commonwealth as made by the plaintiffs in their motions for judgment and bills of particulars.

Before addressing the substantive law question involved, I must address what appears to be a procedural issue raised by the Plaintiffs. The Plaintiffs seem to argue that because the Commonwealth has filed a plea of immunity, the immunity issue cannot be decided without the taking of evidence. I do not agree with the Plaintiffs. There is no statutory or case law mandating an evidentiary hearing on a plea. If the issue raised by the plea can be decided on the facts alleged, then there is no need for a hearing. In other words, if the same issue raised by the plea can be resolved by a demurrer, then no evidentiary hearing is needed. It is not unusual for cases involving sovereign immunity to be decided on a demurrer. *See*, e.g., *Baumgardner v. Southwest Va. Mental Health Inst.*, 247 Va. 486 (1994).

In this case, the Commonwealth has also filed demurrers asserting the defense of sovereign immunity; therefore, there is no need for an evidentiary hearing. The immunity issue can be decided using the demurrer standard. All material facts properly pleaded are taken as true for purposes of the demurrers and the plea of immunity.

The Plaintiffs also seem to be arguing that an evidentiary hearing is required because they have alleged gross negligence. They cite *Chapman v. City of Virginia Beach*, 252 Va. 186 (1996), for the proposition that a determination of gross negligence is an issue of fact to be properly decided by a jury. However, the proposition will not apply if the Plaintiffs have no claims of gross negligence against the Commonwealth as a matter of law. The immunity of the Commonwealth is absolute if the claim arises out of the exercise of a legislative function. For reasons that follow, I find that all the claims are based on a legislative function. The degree of negligence is, therefore, immaterial. No evidentiary hearing is necessary.

Until the enactment in 1981 of the Virginia Tort Claims Act, Va. Code § 8.01-195.1 *et seq.*, the Commonwealth had absolute and unqualified immunity. Under the Act, any recovery based upon "the legislative function of any agency subject to the provisions of" the Act is excluded from the Act. Va. Code § 8.01-195.3(2). The Commonwealth argues that the claims asserted by the Plaintiffs and Stern arise out of the legislative functions of VDOT, and, therefore, the Commonwealth is absolutely immune. I agree with the Commonwealth.

The facts alleged by the Plaintiffs show merely a claim of negligent design and not a claim of negligent maintenance. A demurrer does not admit the correctness of a pleader's conclusions of law. *Ward's Equip., Inc. v. New Holland N. America*, 254 Va. 379 (1997). Therefore, the demurrer does not

admit the correctness of the Plaintiffs' or Stern's conclusion that the facts alleged show a claim for negligent maintenance.

The location of a roadway or the design of an intersection or the location of traffic safety devices are all matters of design which lie in the discretion of VDOT, the state agency to which the General Assembly has delegated this legislative function. The cases cited by the Commonwealth in its memorandum, especially *Freeman v. City of Norfolk*, 221 Va. 57 (1980), clearly show that the acts alleged by the state agencies fall within the doctrine of legislative function immunity.

The demurrers and pleas of immunity are also sustained as to the claim of public nuisance. Contrary to the argument of the Plaintiffs, *Taylor v. City of Charlottesville*, 240 Va. 367 (1990), makes it clear that a claim of public nuisance cannot be maintained against a state agency, citing *Kellam v. School Board*, 202 Va. 252 (1960). While a municipality may be sued for public nuisance, the Commonwealth enjoys absolute immunity.

The demurrer is sustained to the cross-claim because Stern did not file the notice of claim required by Va. Code § 8.01-195.6. He cannot rely on the notices filed by the Plaintiffs. The Act requires notice of "every claim cognizable against the Commonwealth." Va. Code § 8.01-195.6. Therefore, every claimant must file a notice. Stern did not file a notice of his claim which is separate and distinct from the claims of the Plaintiffs. His claim is barred by Va. Code § 8.01-195.6.

Let Mr. Shea prepare an order consistent herewith dismissing all the claims against the Commonwealth, to which Mr. Burgess and Mr. MacDonald may note their exceptions.