# CIRCUIT COURT OF THE CITY OF STAUNTON

Estate of Rita Faye Welch Falls,
deceased, et al.

v.

Commonwealth of Virginia et al.

May 21, 2001

BY JUDGE HUMES J. FRANKLIN, JR.

After considering the briefs presented by both parties, as well oral argument given on April 13, 2001, the Court is of the opinion that the Commonwealth of Virginia is protected by sovereign immunity. Further, the Defendants' Demurrers, as to the claims of gross negligence by Dr. Saathoff and the request for punitive damages based on that claim, are overruled.

On April 13, 2001, this Court ruled on several of the issues presented by the Defendants at oral argument. It was previously agreed upon that Western State Hospital and the Virginia Department of Mental Health were protected from the claims of the Plaintiff by the doctrine of sovereign immunity and that both Defendants would be dropped from the suit. It was further decided that Dr. Saathoff's claims of sovereign immunity would be decided after an evidentiary hearing, leaving the Court to rule only on the sovereign immunity claims of the Commonwealth at this time.

The immunity of the Commonwealth hinges upon the validity of an involuntary commitment order. While the order is missing a phrase directing to which hospital the decedent was committed, such error, at best, only serves to make the order voidable rather than void. The Virginia Supreme Court stated several years ago, in *Rook v. Rook*, 233 Va. 92, at 95, 353 S.E.2d 756 (1987), "A void judgment is one that has been procured by extrinsic or collateral fraud . . . or entered by a court that did not have jurisdiction over the subject matter or the parties" (citations omitted). This concept was further explored in *Dicker v. Commonwealth*, 22 Va. App. 658, 472 S.E.2d 655 (1996). In *Dicker*, a general district court judge failed to check the boxes on

the back of a defendant's warrant indicating the defendant's plea in court as well the judge's findings. The order of the defendant's conviction was found to be voidable, rather than void. The Court explained that the errors were informational deficiencies and did not rebut the prima facie presumptions. In contrast, an order undated and unsigned by the judge was found to be void in *Averitt v. Commonwealth*, 47 Va. Cir. 522 (1998), for without the judge's signature, it was not an order at all. When applying these holdings to the issue at hand, it is clear that an order was in fact created. Ms. Falls was clearly adjudged to be committable; however, the order suffered from an informational deficiency: the hospital to which she was to be committed was not clearly identified. Such an error can only be seen to make the commitment order voidable. As it was not vacated within twenty-one days of its entry, it stands today as a valid order.

The Court must then explore the application of the exception to the Virginia Tort Claims Act found at Va. Code § 801-195.3 and *Baumgardner v. Southwestern Va. Mental Health Inst.*, 247 Va. 486, 442 S.E.2d 400 (1994), as well as *Whitley v. Commonwealth*, 260 Va. 482, 538 S.E.2d 296 (2000). *Baumgardner* involved a question of state immunity under Va. Code § 8.01-195.3. The Commonwealth had acted under an order that temporarily detained the plaintiff, admitting her to Southwestern Mental Hospital, and provided for emergency medical attention. In contrast, *Whitley* involved the same claim of immunity but under an order convicting the plaintiff and committing him to the custody of the Department of Corrections. It is important to note that the distinguishing difference between the cases is not the fact that the *Baumgardner* order involved an emergency or that the order was for a short period of time (48 hours), but rather that the order in *Whitley* did not direct the employees of the Commonwealth to treat the plaintiff. While he certainly had a right to medical attention while incarcerated, it was not the purpose of the order nor specifically contained within. *Whitley* clearly states that its facts can be distinguished from those of *Baumgardner* because the "acts complained of did not occur 'in the execution of a lawful order of any court'." *Whitley* at 495-96 citing *Baumgardner*. In examining the order in question here, it states "for involuntary hospitalization and treatment not to exceed 180 days from this date." The employees of the Commonwealth were specifically directed to treat the decedent, and the acts complained of, resulting in Ms. Falls' death, occurred in the execution of that order. The Commonwealth is protected under the exception to the Virginia Tort Claims Act found at Va. Code § 8.01-195.3.

The Defendants have also asked this Court to consider demurrers as to the count of gross negligence against Dr. Saathoff as well the Plaintiff's request for punitive damages resulting from those claims. At this time, the Plaintiff

has properly pleaded gross negligence, as against Dr. Saathoff, found in Count II of the Motion for Judgment. Likewise, there exists nothing to bar the Plaintiff's request for punitive damages at this time. The Demurrers as to these issues are overruled.