# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Denise C. Wilkins,
individually
and as Personal Representative
of the Estate of
Justin Lamar Davis,
deceased

    v.

Gregory L. Lattimer *et al.*

April 28, 2016

Case No. CL15003123

By Judge Charles E. Poston

Because the Court overruled the demurrer for the reasons stated at the February 24, 2016, hearing, the remaining matters for decision are: (1) whether hospital staff were protected by sovereign immunity, and (2) whether the Defendants' reliance on the equitable doctrine of collateral estoppel bars the allegation that Lawrence Harris and Essence Thomas were not grossly negligent. For the reasons stated below, this Court finds that the Defendants are not protected by collateral estoppel and the Defendant has failed to carry his burden of demonstrating that Harris's and Thompson's actions were not grossly negligent as a matter of law.

*Background*

For familiar reasons, the facts are stated in the light most favorable to the plaintiff, who is the nonmoving party. The facts from the underlying case are tragic. On January 5, 2010, Justin Lamar Davis was transferred to Central State Hospital ("CSH"). On February 16, 2010, George Phillips was also admitted to CSH while awaiting prosecution for attempted capital murder. While at CSH, Phillips threatened Davis, and on February 24, 2010, Philips stated to the hospital staff that he would not give Davis another warning and "[Davis] will end up flying out of here in a helicopter to a hospital." On February 25, 2010, Phillips attacked Davis by tackling him to the floor. On the same day, Davis met with members of the treatment team and asked to be moved because he felt threatened by Phillips. However, the staff ultimately decided not to move Davis, and on the evening of February 27, 2010, Phillips entered Davis's room and strangled Davis to death.

Charge Nurse Lawrence Harris was responsible for assigning staff as hall monitors to conduct monitoring checks on patients in their rooms. Essence Thompson, a Forensic Mental Health Technician, was assigned by Harris to conduct the monitoring checks on patients every 15 minutes. Thompson was also assigned to sit in a chair leading to the corridor in order to observe patient movements. Rather than monitoring the patients at the time of Davis's strangulation, Thompson and Harris were watching television. On October 17, 2011, Phillips pleaded guilty to Davis's murder in the Circuit Court of Dinwiddie County.

Defendants undertook representation of the Plaintiff in late September or early October of 2011. On February 27, 2012, the Defendants filed suit on behalf of the Plaintiff in the United States District Court for the Eastern District of Virginia. However, after a motion to dismiss was filed, the Defendants filed an amended complaint leaving Vicki Montgomery and unidentified employees as the Defendants in the action. The Defendants then withdrew their motion to dismiss and filed a motion for summary judgment, which was granted, and the case was dismissed. The Defendants appealed the case to the United States Court of Appeals for the Fourth Circuit, and the district court was affirmed.

Plaintiff brought this case for legal malpractice asserting that the Defendants erroneously brought suit against Vicki Montgomery and failed to sue Lawrence Harris, Essence Thompson, and George Phillips. Plaintiff further alleges that the Defendants failed to designate expert witnesses properly. Defendants filed a demurrer and plea in bar. The demurrer was overruled, leaving the Defendants' plea in bar alleging that sovereign immunity precludes any suit against Lawrence Harris and Essence Thompson and that collateral estoppel applies to any finding of gross negligence.

## The Standard of Review

A plea in bar is a defensive pleading that reduces the litigation to a single issue of fact which, if proven, creates a bar to the suit. *Weichert Co. v. First Commercial Bank*, 246 Va. 108, 109 (1993) (citing *Campbell v. Johnson*, 203 Va. 43, 47 (1961)). "Where no evidence is taken in support of a plea in bar, the trial court, and the appellate court upon review, consider solely the pleadings for resolving the issue presented. The facts stated in the plaintiff's pleadings are taken as true for the purpose of resolving the special plea." *Lee v. City of Norfolk*, 281 Va. 423, 427 (2011) (quoting *Lostrangoi v. Laingford*, 26 Va. 495, 497 (2001)). "The party asserting the plea in bar bears the burden of proof." *Baker v. Poolservice Co.*, 272 Va. 677, 688 (2006).

## Discussion

The Defendants assert that sovereign immunity under Code § 8.01-195.3(4) is absolute, and even if it were not absolute, that Harris and Thompson were not grossly negligent. The Plaintiff, on the other hand, does not believe that the Court can make a determination as to whether sovereign immunity applies at all.

### A. *Sovereign Immunity*

The Virginia Tort Claims Act, at Code § 8.01-195.3(4), provides in pertinent part:

> Notwithstanding any provision hereof, the individual immunity of judges, the Attorney General, attorneys for the Commonwealth, and other public officers, their agents, and employees from tort claims for damages is hereby preserved to the extent and degree that such persons presently are immunized. Any recovery based on the following claims are hereby excluded from the provisions of this article. . . .

4. Any claim based upon an act or omission of an officer, agent, or employee of any agency of government in the execution of a lawful order of any court.

Va. Code § 8.01-195.3(4) (2007). As noted by the Supreme Court of Virginia, "[w]e construe Code § 8.01-195.3 as a limited waiver of governmental immunity from tort claims, not as a legislative definition of the Commonwealth's duty of care to those with claims against it. We believe the legislature intended existing case law to govern the appropriate standard of care." *Commonwealth v. Cooldige,* 237 Va. 621, 623 (1989). This immunity does not cover acts of gross negligence. *See, e.g., James v. Jane,* 221 Va. 43, 53 (1980) ("A state employee who acts wantonly, or in a culpable or grossly negligent manner, is not protected. And neither is the employee who acts beyond the scope of his employment, who exceeds his authority and discretion, and who acts individually."); *see also Coppage v. Mann,* 906 F. Supp. 1025, 1047 (E.D. Va. 1995) ("Yet, only negligent conduct is protected by the doctrine; acts constituting gross negligence or intentional torts are not immunized.") (citing *Fox v. Deese,* 234 Va. 412 (1987); *James,* 221 Va. at 43)); *McBride v. Bennett,* 250 Va. 450, 463 n. 2 (2014) ("Thus, when 'a defendant's actions are clothed with sovereign immunity, a plaintiff must establish gross negligence in order to prevail.'") (quoting *Colby v. Boyden,* 241 Va. 125, 130 (1991)); *Burns v. Gagnon,* 283 Va. 657, 677 (2012) ("If an individual working for an immune governmental entity is entitled to the protection of sovereign immunity under the common law, he is not immunized from suit. *Colby v. Boyden,* 241 Va. 125, 128 (1991). 'Rather, the degree of negligence which must be shown to impose liability is elevated from simple to gross negligence.' *Id.*").

The Defendants argue that *Whitley v. Commonwealth, Baumgardner v. Southwestern Virginia Mental Health Institute,* and *Patten v. Commonwealth* support their contention that Code § 8.01-195.3(4) bars all actions stemming from a court order, even actions based on gross negligence. However, a thorough examination of those cases suggests otherwise.

First, the Defendants cite *Baumgardner v. Southwestern Virginia Mental Health Institute* for the premise that Code § 8.01-195.3 creates an absolute bar to any cause of action. The Supreme Court of Virginia does state, "The plain meaning of this provision preserves the Commonwealth's immunity from liability for the acts and omissions alleged in the motion for judgment." *Baumgardner v. Southwestern Va. Mental Health Inst.,* 247 Va. 486, 489 (1994). However, in *Baumgardner,* the plaintiffs only alleged ordinary negligence. *See id.* at 488 ("The motion for judgment alleges that the defendants were negligent in failing to provide the decedent adequate non-emergency, as well as emergency, medical care.").

Second, the Defendants cite *Whitley v. Commonwealth.* While *Whitley* deals with an allegation of gross negligence, the Supreme Court of Virginia upheld the trial court's finding that the gross negligence claim was barred

by collateral estoppel. *See Whitley v. Commonwealth*, 260 Va. 482, 300-01 (2000) (concluding that the elements of collateral estoppel were present for the individual defendants and that the Commonwealth was in privity with the individual defendants).

Defendants also cite *Patten v. Commonwealth*, where the Supreme Court of Virginia affirmed the trial court's decision to sustain the Commonwealth's plea of sovereign immunity. *See Patten v. Commonwealth*, 262 Va. 654, 660 (2001). However, in *Patten*, the plaintiffs brought suit alleging, among other things, that the employees negligently treated the decedent. *Id.* at 655. There was no claim for gross negligence. *See generally id.*

As can be seen, these cases do not suggest that Code § 8.01-195.3(4) acts as an absolute bar to any litigation. Rather, the cases suggest exactly what the Supreme Court of Virginia determined in *Coolidge*: the Virginia Tort Claims Act is a limited waiver of the Commonwealth's immunity. The exceptions to that limited waiver are still governed by sovereign immunity, and sovereign immunity can be overcome by, among other things, an allegation of gross negligence. Therefore, this Court rejects the Defendants' argument that Code § 8.01-195.3(4) acts as an absolute bar to any cause of action that could be brought by a plaintiff.

## B. *Gross Negligence*

Having decided that Code § 8.01-195.3(4) does not bar actions alleging gross negligence, the Court now considers whether Plaintiff has alleged sufficient facts to support a claim for gross negligence. In Virginia, gross negligence is:

> "[T]he utter disregard of prudence amounting to complete neglect of the safety of another. It is a heedless and palpable violation of legal duty respecting the rights of others which amounts to the absence of slight diligence, or the want of even scant care." *Volpe v. City of Lexington*, 281 Va. 630, 639 (2011) (quoting *Chapman v. City of Virginia Beach*, 252 Va. 186, 190 (1996)).

*Burns*, 283 Va. at 678. Several acts of negligence, which separately may not amount to gross negligence, when combined, may have a cumulative effect showing a form of recklessness or total disregard of safety. *Chapman*, 252 Va. at 190 (citing *Kennedy v. McElroy*, 195 Va. 1078, 1082 (1954)). Finally, the question of whether gross negligence has been established is ordinarily a matter of fact to be decided by a jury. *See id.* (citing *Frazier v. City of Norfolk*, 234 Va. 388, 393 (1987)). The only time it is not to be decided by the jury is when reasonable people cannot differ. *See Koffman v. Garnett*, 265 Va. 12, 15 (2005) (citing *Griffen v. Shively*, 227 Va. 317, 320 (1984)).

The complaint alleges that Harris was responsible for assigning staff to monitor the halls and to conduct monitoring checks on patients in their rooms. Harris assigned Thompson to conduct monitoring checks on patients every 15 minutes and to sit in a chair situated so that she could observe any patient movement between the hours of 9:30 p.m. and 10:30 p.m. However, instead of performing those duties, Thompson and Harris elected to watch television in the seating area of the facility. According to the complaint, Thompson did not perform her check until 10:13 p.m., at which time she failed to notice that Davis was dead. Because reasonable minds could conclude that these actions constituted either ordinary or gross negligence, whether gross negligence existed is a question for the finder of fact, and for that reason the Court rejects the Defendant's reliance on sovereign immunity as a bar to this action.

## C. *Collateral Estoppel*

The Defendants assert that the issue of gross negligence is barred by collateral estoppel. Collateral estoppel arises when a subsequent cause of action differs from the first, but the parties and their privies are the same, and it prevents the parties from relitigating any issue of fact actually litigated and essential to a valid and final personal judgment in the first action *See Lee v. Spoden*, 290 Va. 235, 776 S.E.2d 798, 804, n. 8 (2015) (citing *Bates v. Devers*, 214 Va. 667, 670 (1974)).

A party is only entitled to assert a claim for collateral estoppel if the following requirements are met:

> (1) the parties to the two proceedings must be the same, (2) the issue of fact sought to be litigated must have been actually litigated in the prior proceeding, (3) the issue of fact must have been essential to the prior judgment, and (4) the prior proceeding must have resulted in a valid, final judgment against the party against whom the doctrine is sought to be applied.

*Glasco v. Ballard*, 249 Va. 61, 64 (1995) (citing *Bates*, 214 Va. at 671). Furthermore, the "actually litigated" factual issue must have been essential to the prior judgment. *See Transdulles Ctr. v. Sharma*, 252 Va. 20, 23 (1996).

The Defendants in this case assert that the Plaintiff's claim of gross negligence was already litigated in *Wilkins v. Montgomery*. The Defendants point to the following language in the Fourth Circuit's opinion in the underlying case:

> Indeed, the Virginia cases allowing gross negligence claims to proceed to trial are far more egregious. *See, e.g., Koffman v. Garnett*, 265 Va. 12, 574 S.E.2d 258, 260 (2003) (allowing gross negligence issue to go to a jury where a 260-pound

football coach aggressively tackled a 13-year-old, 144-pound, inexperienced football player, breaking his left arm); *Nichols v. Brizendine*, 210 Va. 158, 169 S.E.2d 457, 460 (1969) (same, where driver of an automobile deliberately increased speed on a straight portion of a narrow road, which had an upcoming curve that driver knew about, and the car skidded 46 feet and collided head-on with a tree, severely injuring the passengers). Thus, as a matter of law, Appellee is entitled to summary judgment on this claim.

*Wilkins v. Montgomery*, 751 F.3d 214, 229 (4th Cir. 2014). The Defendants cite this language as evidence that the Plaintiff's current gross negligence claim was actually litigated and essential to the Fourth Circuit's final judgment. In fact, the Defendants go so far as to claim that the opinion was broad enough to cover any conduct associated with the death of Justin Davis. However, as noted by the Plaintiffs, that block quote has very little, if anything, to do with Lawrence Harris and Essence Thomas because the Fourth Circuit's discussion of gross negligence pertained to Vicki Montgomery's allegedly grossly negligent supervision and her gross negligence under the wrongful death statute. *See id.* at 228 ("Appellant also brought state law claims for common law grossly negligent supervision, and gross negligence under the Virginia Wrongful Death Act, Va. Code Ann. § 8.01-50.").

The Fourth Circuit determined that, based on the "dearth of evidence provided by the Appellant, *as explained above*" the Appellant fell short of creating a trial issue as to whether Vicki Montgomery's actions would shock fair-minded people. *Id.* at 229 (emphasis added). The "above" explanation analyzed the Appellant's claim under 42 U.S.C. § 1983. In that section, the Fourth Circuit specifically stated:

> First, there is no evidence that Appellee had actual or constructive knowledge that Harris and Thompson, the charge nurse and mental health technician, were engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to Davis. To the contrary, Appellee was not even working on the night in question, and there is no evidence the staff members had behaved in such a manner in the past such that their conduct was "widespread," or that they had neglected their duties on "several different occasions."

*Id.* at 227 (citing *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Additionally, the Fourth Circuit, among other facts, relied on the presence of a system that was in place to address threats. *See id.* Namely, the VOS, EOS, and SOS, systems required Phillips to be monitored every 15 minutes. *See id.* However, the Fourth Circuit found that the failure of the staff to

perform these duties on Vicki Montgomery's day off was not enough to impute deliberate indifference to her. *See id.* This analysis highlights the "dearth of evidence" referred to by the Fourth Circuit, and it simply found that Vicki Montgomery was not grossly negligent because she did not know, nor could she have known, of the actions taken by Harris and Thompson. Nothing in those passages suggests that any court determined that Thompson and Harris were not grossly negligent. For those reasons, the Court rejects the Defendant's reliance on collateral estoppel as a defense to this action.

The plea in bar, then, is overruled. As discovery progresses, though, additional information suitable for the Court's consideration may be forthcoming. Should that occur, these issues may be revisited. For example, the orders committing Davis and Phillips to Central State Hospital could have a bearing on the Court's analysis.