## CIRCUIT COURT OF FAIRFAX COUNTY

Robert O'Dell
and Shirley O'Dell

v.

Cedar Lakes, L.P., et al.

December 9, 1997

Case No. (Law) 150335

BY JUDGE M. LANGHORNE KEITH

Mr. Brincefield raises two issues for decision by the Court. First, does Va. Code Ann. § 8.01-399 preclude defendant from calling plaintiff's treating physician as an expert witness? Second, can defendants question Ms. O'Dell concerning a statement she prepared for her attorney?

### I. *Va. Code Ann. § 8.01-399*

Without their consent, this section bars the testimony of the O'Dells' treating physician "respecting any information which [their doctor] may have acquired in attending, examining, or treating [the O'Dells] in a professional capacity." The bar is not absolute, and the plaintiffs concede that as their physical and mental condition is at issue, facts communicated to or otherwise learned by the doctor or doctors are both discoverable and may be testified to at trial. Va. Code Ann. § 8.01-399(B). Plaintiffs argue that subsection B only permits the doctor's testimony as to facts and that the court should preclude the doctor's testimony as to opinions formed during the course of their treatment of the O'Dells. The problem with this position is that the statute is silent as to opinion testimony and, as the statute is in derogation of the common law, it must be strictly construed. *Bradick v. Grumman Data Systems*, 254 Va. 156, 160 (1997). Therefore, either opinion testimony is not precluded or is included within the term "any informa-

tion" in subsection A of the statute and thus falls within the exception set forth in subsection B. Finally, as the physical and mental condition of the plaintiffs is in issue and the legislature provides for disclosure and testimony when that is so, there seems to be no policy reason why fact testimony should be permitted but opinion testimony should not. *See, City of Portsmouth v. Cilumbrello*, 204 Va. 11, 15 (1963) (medical report not privileged under predecessor statute); *Wiggins v. Fairfax Park Limited Partnership*, 22 Va. App. 432, 441 (1996) (producing medical records replete with opinion is consistent with the language of Va. Code Ann. § 8.01-399). For the foregoing reasons, I hold that defendants are not barred by Va. Code Ann. § 8.01-399 from calling the O'Dells' treating physicians as expert witnesses.

## II. *The O'Dell Statement*

The O'Dell statement is a chronology of the events and problems the O'Dells allegedly experienced with Unit 2, lot 50, at Cedar Lakes Condominium. It was prepared at the O'Dells' counsel's request, and Mr. Brincefield asserts that it is protected by both the attorney-client privilege and the work-product doctrine. Apparently, the document was also provided to one of Ms. O'Dell's physicians, Dr. Grace Ziem. The O'Dells signed a release, and Dr. Ziem produced the statement to defendants. There is no argument that Dr. Ziem was working with the O'Dells' lawyer, *see Commonwealth v. Edwards*, 235 Va. 499, 506 (1988); thus the delivery of the statement to the doctor destroyed the confidentiality leg of the attorney-client privilege. Likewise, the work product doctrine does not preclude the defendants' use of the statement. Rule 4:1(a)(3) specifically exempts party statements from the work product doctrine. Thus Defendants may use the statement without running afoul of the doctrine.