# CIRCUIT COURT OF THE CITY OF ROANOKE

Eleanor Lynn Bailey

v.

Randall K. Falls et al.

December 3, 1999

Case No. CL98000525-00

BY JUDGE JONATHAN M. APGAR

The Court has reviewed the memoranda of counsel and is now ready to rule.

### Facts

The facts are accurately stated in Plaintiff's Memorandum in Support of her Motion to Exclude, with the addition that the proposed defense expert witnesses, Dr. Gustafson and Dr. Hormel, never actually saw the Plaintiff in a doctor/patient relationship and reviewed only information that had been given to them by counsel as a result of the discovery process.

### Question

May the Defendants use individuals associated with Plaintiff's health care provider as expert witnesses against the Plaintiff?

### Discussion

Both sides have addressed the applicability of Va. Code § 8.01-399, which states in part:

A. Except at the request or with the consent of the patient, no duly licensed practitioner of any branch of the healing arts *shall be required* to testify … respecting any information which he may have *acquired in attending, examining, or treating* the patient in a professional capacity.

(Emphasis added.)

It is significant that the statute specifies that the doctor shall not be *required* to testify. The statute does not say, "no practitioner … shall be *allowed* to testify." Neither side claims that Dr. Gustafson or Dr. Hormel ever actually attended, examined, or treated the patient in a professional capacity. For these two reasons, Va. Code § 8.01-399 does not seem to answer the question regarding a blanket prohibition against the use of these experts, as asserted by the Plaintiff. Therefore, a review of case authority is required.

None of the cases cited by the Plaintiff (*Hazelwood v. Culley*; *Chow v. Hurt*; *Johnson v. Jones*; *Cox v. Jones*; *Piller v. Kovarsky*) is directly on point. Further, the Court cannot, from the review of the *Hazelwood* order and letter, reach the conclusion asserted by the Plaintiff, that a doctor/patient relationship between one doctor at a clinic creates the same doctor/patient relationship with *every* doctor in that clinic. Additionally, the New Jersey Supreme Court later distinguished the *Piller* case in *Stigliano v. Connaught Laboratories*, 140 N.J. 305, 658 A.2d 715 (1995), in which the court stated that even if the doctor/experts treated the plaintiff, their testimony must be allowed, even if for the defendant. In explaining, the court said that the "probative value of the treating doctors' testimony outweighs any prejudice to the plaintiffs." *Id.* at 318. The *Stigliano* court further referred to § 9.07 of the Principles of Medical Ethics of the American Medical Association which "recognizes the ethical obligation of physicians to assist in the administration of justice." *Id.* at 316. They further stated that by placing the plaintiff's medical situation and condition at issue, the "plaintiffs not only have waived the physician/patient privilege but have also relieved the treating doctors of their fiduciary duty not to disclose information concerning [the] condition." *Id.* at 317. Similarly, the Fourth Circuit has required a treating physician to testify as an expert where the plaintiff has placed her condition at issue. *DeFoe v. Duhl*, 286 F.2d 205, 208 (4th Cir. 1961). As an additional illustration, a Maryland appellate court held that "we find no merit to the [plaintiff's] seventh contention that the trial court erred in refusing to advise [the doctor] that he might well be violating his duty to a patient of his partnership by testifying as an expert for the defendants against the interest of the plaintiff." *Stevens v. Barnhart*, 45 Md. App. 289, 294 (1980) (cert. denied by *Stevens v. Barnhart*, 288 Md. 744

(1980)). Finally, in *Odell v. Cedar Lakes Limited Partnership*, 44 Va. Cir. 164 (Fairfax 1997), the Fairfax Circuit Court concluded that the defendants could call the plaintiff's treating physician as an expert witness. A similar result was reached in *Maxey v. Hubble*, 238 Va. 607, 610 (1989).

## Conclusion

In the absence of clear statutory language to the contrary and relying on the above-cited cases, on the facts specifically presented in this case, the use of Dr. Gustafson and Dr. Hormel as experts by the Defendants will be permitted at the Review Panel.