# CIRCUIT COURT OF ROCKINGHAM COUNTY

Gladys V. McCoy

v.

Zelda A. Gibson

July 6, 2000

Case No. (Law) CL99-11718

BY JUDGE JOHN J. McGRATH, JR.

This case is currently before this court on Plaintiff's Motion in Limine to prohibit the Defendant from eliciting any testimony from G. Edward Chappell, M.D., regarding his opinions of Ms. McCoy's case, treatment, or condition. The dispositive facts of this case follow.

On June 6, 1997, Plaintiff and Defendant were involved in an automobile accident wherein Defendant allegedly ran into the driver's side of Plaintiff's vehicle. Plaintiff alleges that as a result of this accident, she sustained injuries for which she had to seek medical attention. In the course of receiving this medical attention and prior to the filing of this suit, Plaintiff was referred by her family physician to and received care from Dr. G. Edward Chappell, M.D., a local orthopedic surgeon. In the course of treating Plaintiff, Dr. Chappell opined that her injuries were due to causes other than the automobile accident. As a result, Plaintiff has not designated Dr. Chappell as a witness for the trial. Defendant, however, has now designated Dr. Chappell as her expert medical witness for this case. Because Dr. Chappell was one of Plaintiff's treating physicians, Plaintiff objects to Dr. Chappell's opinion testimony on the

grounds of doctor-patient privilege under § 8.01-399 and a fiduciary relationship existing between a patient and his or her physician.

This issue is one that has not been decided by the appellate courts of Virginia; however, four circuit courts have addressed the issue. In *Chow v. Hurt*, Judge Markow of the Circuit Court of the City of Richmond precluded defendant from calling any of plaintiff's treating doctors as expert witnesses because it is "unduly prejudicial to the plaintiff." *See Chow v. Hurt*, Case No. LM-3861-3, Letter opinion, November 5, 1991▌Judge Markow further stated that such testimony would be inconsistent with the doctor's fiduciary duty. *Id.* In 1992, the Circuit Court of the City of Richmond, referring to *Chow v. Hurt*, again precluded such testimony. *See Johnson v. Jones,* Case No. LT-2060-2, Order of May 22, 1992. Finally, in 1997, Judge Grubbs of the Circuit Court of Montgomery County also precluded the defendant from calling one of plaintiff's treating physicians as an expert witness to testify against plaintiff. *See Cox v. Jones*, letter opinion October 28, 1997▌In his opinion, Judge Grubbs stated that the exception to the physician-patient privilege that is granted in Va. Code § 8.01-399(B) only encompasses an exclusion to facts and not opinions and therefore a treating physician may only be called by the defendant to testify to facts. *Id.*

In contrast, Judge Keith of the Fairfax Circuit Court, in *O'Dell v. Cedar Lakes,* found that when a Plaintiff puts his or her medical condition at issue in a case, a treating physician may testify to facts *and* opinion. *See O'Dell v. Cedar Lakes,* 44 Va. Cir. 164 (Fairfax 1997). Citing Va. Code. § 8.01-399, Judge Keith stated that "there seems to be no reason why fact testimony should be permitted but opinion testimony should not." *Id.* Judge Keith found that opinion testimony was included in the term "any information" in subsection A of the statute and thus falls within the exception set forth in subsection B. *Id.* All of these circuit court opinions acknowledge the fact that there was no appellate court guidance on this issue.

Despite the lack of Virginia decisions, it seems that a large number of states are in agreement on this issue. Most states that have addressed the issue have found that when a Plaintiff makes his or her medical condition an issue, the physician-patient privilege that existed is waived. *See e.g. Torres v. Superior Court*, 221 Cal. App. 3d 181 (1990); *Richbow v. District of Columbia*, 600 A.2d 1063 (D.C. 1991); *Orr v. Sievert*, 292 S.E.2d 548 (Ga. 1982); *Stigliano v. Connaught Laboratories*, 658 A.2d 715 (N.J. 1995); *Trujillo v. Puro*, 683 P.2d 963 (N.M. 1984); *Cates v. Wilson*, 361 S.E.2d 734

(N.C. 1987); *Christensen v. Munsen*, 867 P.2d 626 (Wash. 1994); *but see Alexander v. Knight*, 177 A.2d 142 (Pa. 1962). Furthermore, all of these states have held that they will not find a "divisible waiver"; once the privilege is waived, it is waived as to facts and opinions. Quoting *Wigmore on Evidence* § 2390 at 861, the New Jersey Supreme Court stated that "once a patient waives the physician-patient privilege, it 'is waiver of the privilege in regard to all of his knowledge of the physical condition asked about'." *Stigliano*, 658 A.2d at 312.

The reasons given for this rule in the cases are many, but most important is the fact that a "determination of causation" is essential to the treatment of the patient; therefore, to bar the treating doctors' testimony on this issue would deny the jury crucial information on a central issue. *Id.* The New Jersey Court also found that a treating physician has a different status than a doctor consulted in order for trial preparation. While the latter is privy to secret trial tactics, the former was only consulted for treatment and thus has no such confidential information. *Id.* at 313. Although the treating doctor is an "expert," he or she is "more accurately a fact witness." His or her testimony "relates to their diagnosis and treatment" of the patient. *Id.* at 314. As such, this type of testimony is "factual information, albeit in the form of opinion." *Id.* In short, the New Jersey Supreme Court in *Stigliano*, citing the District of Columbia Court of Appeals, found that "having waived the privilege as to factual information, a plaintiff may not keep from the factfinder the medical judgments and opinions which were derived from the treatment and which indeed shaped it." *Id.* at 316 (quoting *Richbow v. District of Columbia*, 600 A.2d 1063 (D.C. 1991)). The opinion of the New Jersey Supreme Court in *Stigliano* is, in effect, generally mirrored in the other state court decisions addressing this issue.

The closest a Virginia court has come to determining this issue was in the 1956 case of *Cooper v. Norfolk Redevel. and Housing Auth.*, 197 Va. 653 (1956). In *Cooper*, the question before the Court was whether the appellants had the right to have an expert appraiser testify as to his opinion of the value of the property sought to be condemned by the Authority. *Id.* at 653. During trial, when the appellants called the appraiser, Baldwin, to testify on their behalf as to the value of the property, the Authority objected. The Authority's objection was based on the fact that Baldwin was on their regular panel of appraisers and was paid by the Authority to appraise this particular piece of land. Furthermore, Baldwin informed the court that he did not wish to testify in favor of the appellants because he felt that it was unfriendly and unfair to the Authority to testify for their opponents in a case since he was working for the Authority. *Id.* at 654-55. Considering this, the Supreme Court of Virginia

looked to other states' policies on this issue. In so doing, the Court determined that a majority of courts have held that "an expert may be compelled to testify as to an opinion he is qualified to give by reason of his prior training and experience without having to make any special preparation to qualify to do so." *Id.* at 655. After stating such, the Court then noted that four states, those of Pennsylvania, New York, New Jersey, and Indiana, hold differently. In the Pennsylvania case, the Court stated that "The process of the courts may always be invoked to require witnesses to appear and testify to any facts within their knowledge; but no private litigant has a right to ask them to go beyond that." *Id.* at 656 (quoting *Pennsylvania Co. v. City of Philadelphia*, 262 Pa. 439, 105 A. 630). In New York, the court, in considering a case involving a tax assessment expert stated that "while he was required to testify as to what he had seen on the premises, he had a right to refuse to answer any question connected with his experience and judgment. . . ." *Id.* at 657 (quoting *People v. Thorpe*, 296 N.Y. 223, 72 N.E.2d 165). Referring to the decisions of the Pennsylvania, New York, New Jersey, and Indiana courts, the Virginia Supreme Court stated that their:

> Reasoning . . . is persuasive with respect to the situations dealt with, particularly as preventing the unfairness that could result from an unlimited right of a litigant to get evidence for himself from an expert employed by his adversary on ascertaining that the expert had given an opinion to his adversary which was unfavorable to the latter's case.

*Id.*

Although the *Cooper* case dealt with *compelling* an expert to testify, their reasoning and comments do tend to shed some light on the issue at hand in this court. In *Cooper*, the Court was concerned with the "unfairness that could result from an *unlimited* right" to call an expert employed by the opposition. Although the Court did not refer to it, embodied in this "fairness" issue is the issue of a fiduciary-type duty. Virginia Courts have consistently held that an employee owes a fiduciary duty to his or her employer. *See e.g. Feddeman & Co. v. Langan Assocs., P.C.*, 260 Va. 35 (2000); *Hilb, Rogal and Hamilton Co. of Richmond v. Depew*, 247 Va. 240 (1994); *Greenspan v. Osheroff*, 232 Va. 388 (1986); *Horne v. Holley*, 167 Va. 234 (1936). Similarly, an officer or a director in a corporation, "cannot directly or indirectly, in any transaction in which he is under a duty to guard the interests of the corporation, acquire any personal advantage, or make any profit for himself. . . ." *Rowland v. Kable*, 174 Va. 343, 366 (1940).

Although the Court has not specifically applied this to doctors, the General Assembly has recognized that a certain type of fiduciary-type duty does exist, as they have enacted Va. Code § 8.01-399 regarding doctor-patient privilege. Code § 8.01-399(A) forbids a physician from testifying in any civil action regarding any information about his patient, unless he or she gains the consent of the patient first. Due to this privilege, a doctor should owe an even higher duty of loyalty to his patients than an employee does to his employer or an officer or director does to his or her corporation. In short, a clearly implicit term in the doctor-patient contract is that the physician will not undertake for profit or gain employment which is directly contrary to the patient's interest concerning the injury for which the doctor was consulted. Thus, it follows that a doctor should not be allowed to directly or indirectly profit from taking actions contrary to that of his or her patient. This includes testifying contrary to the patient's interests in a court of law for remuneration.

In Virginia, the doctor-patient relationship is protected on two different levels. The first level is that of privilege, which is defined by Va. Code § 8.01-399. This privilege, however, can be waived if the patient's medical condition is at issue in a civil case, as in the case at hand. *See* Va. Code § 8.01-399(B). The second level is that of a "fiduciary"-type relationship that exists between a doctor and a patient. This is implicit in the relationship or contract between a patient and a treating physician, and as such, a doctor should not undertake any employment for money or profit that would be directly contrary to the interests of his or her patient. This type of employment is "unfair" to the patient and, similar to compelling an expert to testify, can lead to that kind of "unlimited" access to the opposing party's experts that the Supreme Court was concerned with in *Cooper*. This Court is of the view that the majority rule, *i.e.*, once a party puts his or her physical or mental condition in issue, the waiver contained in § 8.01-399(B) applies to "facts" and expert opinions or causation which were formed in the course of and necessary to the treatment of the patient. See cases cited, *supra*. Therefore, the physician may testify if he is willing to do so against the interest of his client, but he may not do so for gain. To accept *any* remuneration for giving such testimony or for assisting his patient's legal adversary would be directly contrary to the implied contractual obligation the doctor has with the patient. If such testimony is given in open court and/or in a deposition, and *pro bono*, § 8.01-399 permits the testimony to be given. Of course, the treating physician has no obligation to give expert opinions without his consent and payment for his services. Therefore, a treating physician may always decline to provide expert testimony against his patient in a court of law.

In light of the foregoing discussion, this Court grants Plaintiff's motion in limine as far as the *opinion* testimony of Dr. Chappell if he has been or will be paid for the giving of such testimony or compensated for the time involved in giving such testimony.

The Clerk of the Court is directed to send certified copies of this order to Roger A. Ritchie, Sr., Esq, Counsel for Plaintiff, and John P. Cattano, Esq., Counsel for Defendant.