## CIRCUIT COURT OF FAUQUIER COUNTY

David Roger Ramsey

v.

John Matthew Woodward, III

June 20, 2006

Case No. (Law) CL 05-60

BY JUDGE JEFFREY W. PARKER

This matter comes before the Court on a Motion in Limine filed by counsel for the Plaintiff to strike Defendant's Designation of Dr. Robert Dart as an Expert Witness in this case. This issue arises out of a personal injury action in which the Plaintiff was involved in a motor vehicle accident occurring on March 14, 2003. He was first treated by Dr. Dart on April 4, 2003, and his treatment continued through September 26, 2003. (Dart Deposition, Exhibit # 3.)

By letter dated October 6, 2003, the Plaintiff's attorney at the time contacted Dr. Dart requesting his medical opinion as to the causation of the Plaintiff's current medical difficulties. By letter dated September 3, 2003, (Dart Deposition, Exhibit # 2), Dr. Dart responded, stating that the identified medical conditions were not caused by the automobile accident on March 14, 2003.

Counsel for the Plaintiff submitted a second letter requesting additional information dated December 17, 2003, and Dr. Dart (Dart Deposition Exhibit # 1) by letter of January 27, 2004, again indicated that the Plaintiff's

conditions were preexisting and that it was not likely that these conditions were exacerbated by the trauma of the automobile accident.

On April 14, 2006, the Defendant called Dr. Robert Dart to testify in the Deposition and, at that time, specifically inquired as to the content of his letters of December and January. The Defendant through Counsel, preserved his objection to this testimony pursuant to Va. Code § 8.01-399 and now has filed the subject Motion in Limine to have the testimony contained in pages 16 through 19 of the transcript dealing with these subject letters excluded from the trial.

The Plaintiff alleges that, (1) because the doctor's testimony was absent his consent and (2) the letters were not contemporaneously produced during the course of Dr. Dart's treatment, this portion of the deposition testimony is inadmissible at trial.

The Defendant responds that (1) consent is not necessary because the Plaintiff has put his medical condition into issue and (2) the request for the medical information by counsel was made shortly after the most recent doctor visit between physician and patient and this letter simply reflects information given contemporaneously during treatment.

In the alternative, the Defendant argues that disclosure should be required as being necessary to the proper administration of justice.

*Analysis*

This issue is controlled by statute. The Court will discuss the application of the relevant statute by its component parts.

The relevant Virginia statute, § 8.01-399(A) and (B), reads as follows:

> § 8.01-399: (A) Except at the request or with the consent of the patient, no duly licensed practitioner of any branch of the healing arts shall be required to testify in any civil action, respecting any information which he may have acquired in attending, examining, or treating the patient in a professional capacity.
>
> (B) If the physical or mental condition of the patient is at issue in a civil action, *the diagnosis*, signs and symptoms, observations, evaluations, histories, or treatment plan of the practitioner, obtained or formulated *as contemporaneously documented* during the course of the practitioner's treatment, together with the facts communicated to, or otherwise learned by, such practitioner in connection with such attendance,

examination, or treatment shall be disclosed but only in discovery pursuant to the Rules of Court or through testimony at the trial of the action. In addition, disclosure may be ordered when a court, in the exercise of sound discretion, deems it necessary to the proper administration of justice. However, no order shall be entered compelling a party to sign a release for medical records from a health care provider unless the health care provider is not located in the commonwealth or is a federal facility. If an order is issued pursuant to this section, it shall be restricted to the medical records that relate to the physical or mental conditions at issue in case. No disclosure or treatment plan facts communicated to, or otherwise learned by, such practitioner shall occur if the court determines upon the request of the patient, that such facts are not relevant to the subject matter involved in the pending action or do not appear to be reasonably calculated to lead to the discovery of admissible evidence. Only diagnosis offered to a reasonable degree of medical probability shall be admissible at trial.

(Emphasis added.)

Subsection (A) of the statute sets forth the general prohibition against physicians testifying against the wishes of their patient. This is reflective of the special relationship between doctor and patient, sometimes described as a fiduciary relationship, but which relationship holds uniqueness due to the trust and care a person places in his physician's hands. Subsection (B) which was substantially amended in 2005 details the exception to this general rule. The law protects disclosure of this information unless a litigant voluntary places this in issue before the Court. Unfortunately, there is no appellant guidance on this issue before the Court. As to the circuit court history dealing with this statute, see *McCoy v. Gibson*, 52 Va. Cir. 400 (2000), and *Chow v. Hurt*, 52 Va. Cir. 524 (1991).

Although Virginia circuit courts have typically protected the physician-patient relationship, this has not always been the case when construing earlier versions of the statute. See *Odell v. Cedar Lake, Ltd. Partnership*, 44 Va. Cir. 164 (1997). In the *Odell* decision, the judge pointed out that this particular statute did not expressly deal with the disclosure of medical opinions, only "facts known by the practitioner in his treatment." As the statute was in "derogation of common law," the Court stated it should be construed strictly. Although, the patient in *Odell* had refused consent, the Court allowed the opinion of the treating doctor into evidence over the objection of the Plaintiff.

The Court reasoned that, once the physical condition of the plaintiff was placed into issue by the plaintiff, the plaintiff then could not complain about the opinion of the expert being placed into evidence against his wishes.

However, the statute was amended in 2002 to address this issue by expanding protected information to include diagnosis. As diagnosis encompasses opinion evidence, opinion evidence thus came with the statute.

As observed by Judge McGrath in *Goodloe v. Sharp*, 61 Va. Cir. 250 (2003), diagnosis includes medical opinions as to causation. The full extent of the increasing legislative intent to refine the statute was made more evident by the 2005 statutory amendments which added "signs and symptoms, observations, evaluations and histories." But most importantly, the General Assembly required that compelled production of any such opinions could be required when the opinions were given contemporaneously with the treatment received.

This Court holds that the subject information is of a nature covered in the statute, and the next question that must be considered is when did the treatment of the Plaintiff by the physician terminate for the purpose of determining the issue of contemporaneous treatment.

Clearly, both letters written by Dr. Dart in response to the letters of the Plaintiff's attorney were issued after the last day of treatment by Dr. Dart. Although only two months separates the last appointment of the plaintiff and the first letter issued by Dr. Dart, there was clearly no medical treatment occurring during this period.

It is this Court's view, due to the aforementioned special relationship between physician and patient, that any statute which permits invasion of this relationship should be construed strictly against disclosure. It is further this Court's view that words should be given their plain meaning in a statute unless otherwise defined.

"Contemporaneously documented" means that diagnosis, symptoms, or observations should be prepared immediately during the period of the treatment or soon thereafter as practicable consistent with the reasonable medical custom of the physician.

Where a physician provides a response to a letter written by an attorney for the purpose of litigation, as in the case at bar, it is by its nature, unrelated to the medical treatment provided to the patient.

Therefore, the Court holds that both of these letters were not, in fact, produced in conformity with Va. Code § 8.01-399(B) and that any response in deposition elicited from these letters violates the requirements of Va. Code § 8.01-399(A)

Notwithstanding this finding, the Defendant alleges that this information should be disclosed to the jury in the sound discretion of the Court so as to insure the proper administration of justice.

This Court could locate no case on point, but believes that this type of exception could only apply to either cross-examination in some capacity or to otherwise avoid a fraud on the court. Assuming for example, notwithstanding any hearsay exceptions, that the plaintiff sought to bring into evidence a representation by Dr. Dart entirely at issue with the contents of the subject letters, then, under those hypothetical conditions, it is conceivable that the Court could permit the otherwise prohibited information contained in the depositions into evidence. However, it is also important to point out that, should the defendant wish to avail themselves of any such remedy, it would be important first to approach the Court in a bench conference to suggest the appropriate ruling to avoid any potential error on the record.

Finally, § 8.01-399 requires that any diagnosis be offered to a reasonable degree of medical probability or certainty. In his deposition, Dr. Dart qualified his answer in reference only to the letter of December 3, 2003, with the preface of a "reasonable degree of medical certainty." The information contained in the letter of January 27, 2004, was not posed to the doctor by defense Counsel in his question with the preface of a reasonable degree of medical certainty, and, therefore, the doctor's response would also be inadmissible on those grounds alone, even in cross-examination.