Present:  All the Justices

MARY L. WHITLEY, ADMINISTRATOR OF THE
ESTATE OF JOSEPH H. JENKINS, DECEASED

v.  Record No. 992394    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                          November 3, 2000

COMMONWEALTH OF VIRGINIA, ET AL.


                FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                        V. Thomas Forehand, Jr., Judge


     In this appeal of a judgment entered in a wrongful death

action, we consider whether the trial court erred in granting

summary judgment for the defendants on the grounds of collateral

estoppel and sovereign immunity.

     In March 1993, Mary L. Whitley, administrator of the estate

of Joseph H. Jenkins, filed a motion for judgment against

certain medical personnel (the individual defendants) at St.

Brides Correctional Center (St. Brides) and against the

Commonwealth.  St. Brides is part of the Virginia Department of

Corrections and is operated and maintained by the Commonwealth.

Whitley alleged that the "gross negligence" and "deliberate

indifference" of the individual defendants, acting within the

scope of their employment, caused Jenkins's death while he was

incarcerated at St. Brides.  Whitley further alleged that the

Commonwealth also was liable for Jenkins's death under the

Virginia Tort Claims Act (Tort Claims Act), Code §§ 8.01-195.1

through -195.9, which imposes limited liability on the Commonwealth for "personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment under circumstances where the Commonwealth . . ., if a private person, would be liable to the claimant for such . . . injury or death." Code § 8.01-195.3.

According to the motion for judgment, Jenkins was a mentally impaired person with an epileptic condition who required constant medication to prevent the onset of seizures. Jenkins was incarcerated in St. Brides from March 1988 until April 1991, when he died as a result of a seizure. The motion for judgment alleged that the individual defendants were grossly negligent in allowing Jenkins's medication levels to fall below the therapeutic minimum amounts appropriate for his condition, by failing to prescribe sufficient medication and to supervise Jenkins's receipt of the medication.

On the same date Whitley filed the circuit court action, she filed another action against the individual defendants in the United States District Court for the Eastern District of Virginia (federal district court), alleging claims under 42 U.S.C. §§ 1983, 1985, and 1986, and a wrongful death claim under Va. Code § 8.01-50. After dismissing the wrongful death claim and the claims brought under 42 U.S.C. §§ 1985 and 1986, the

2

federal district court granted summary judgment for the individual defendants on the claim brought under 42 U.S.C. § 1983.  Whitley v. Lewis (Whitley I), No. 2:93cv268 (E.D. Va. Oct. 6, 1993); Whitley v. Lewis (Whitley II), No. 2:93cv268 (E.D. Va. Jan. 20, 1994).  The federal district court ruled that Whitley failed to prove that the individual defendants acted with "deliberate indifference" to Jenkins's serious medical needs.  Whitley II, at 8.  The United States Court of Appeals for the Fourth Circuit affirmed the federal district court's judgment.  Whitley v. McWaters, No. 94-1452 (4th Cir. Mar. 3, 1995).

In granting the individual defendants' motion for summary judgment, the federal district court made the following factual determinations:

> [T]he court concludes that the facts in the instant case could not lead a reasonable jury to conclude that any of the defendants acted with deliberate indifference to Jenkin[s's] medical condition.  With regard to Dr. Ibarra, the record shows that he took active measures to monitor Jenkin[s's] condition.  Dr. Ibarra monitored regular blood samples taken from Jenkins, counseled him about the importance of taking his medication and altered his regimen so as to make it easier for Jenkins to follow.  While Jenkins suffered several seizures and showed low levels of medication in his blood, Dr. Ibarra considered Jenkin[s's] condition to have been stable.  [Footnote omitted.]  Dr. Ibarra further concluded that Jenkins had the mental capacity to continue following his daily regimen.  Given Jenkin[s's] frequent visits for medical treatment, and his medication ingestion ratio (over an 85% average during his three years at St. Brides), such a conclusion does not appear to have been the product of deliberate indifference.  While the plaintiff may disagree with Dr. Ibarra's

3

assessment and treatment of Jenkins, such disagreement does not support a finding of deliberate indifference. [Case citations omitted.]

With regard to the defendant nurses, the record fails to support the plaintiff's assertions that they acted with deliberate indifference to Jenkin[s's] condition. The nurses['] primary contact with Jenkins occurred when they assisted Dr. Ibarra (and other physicians) in treating Jenkins and when they administered his medication at the pill window. Given the nurses['] limited contact with Jenkins, and their agreement with Dr. Ibarra that he was capable of following his seizure-preventing regimen, the plaintiff has failed to come forward with enough evidence to establish a triable issue of deliberate indifference on their part.

Whitley II, at 8-9. In affirming the federal district court's judgment, the United States Court of Appeals reached similar conclusions and held that the decedent "received adequate medical care." Whitley v. McWaters, No. 94-1452, slip op. at 3.

In March 1994, Whitley obtained a nonsuit in the original state court action and refiled the same action the following day. In response, the individual defendants and the Commonwealth filed pleas of sovereign immunity, collateral estoppel, and res judicata, and moved for summary judgment on those grounds.

In a letter opinion, the trial court determined that the motion for summary judgment should be granted. The trial court held that the motion for judgment stated a claim of ordinary negligence, and concluded that since the federal district court did not address whether the facts alleged constituted ordinary negligence, Whitley was not precluded by collateral estoppel

4

from raising an ordinary negligence claim in her motion for judgment. The trial court ultimately concluded that the ordinary negligence claims against both the individual defendants and the Commonwealth were barred by the doctrine of sovereign immunity.

The trial court also held "that any claim asserted by plaintiff for gross negligence . . . is barred under the doctrine of collateral estoppel." According to the trial court, under the doctrine of collateral estoppel, the dismissal of the federal action precluded Whitley from alleging gross negligence in the state court action. The trial court entered final judgment dismissing the motion for judgment against the individual defendants and the Commonwealth.

On appeal, Whitley first argues that her motion for judgment encompasses claims of both gross negligence and ordinary negligence. She asserts that the trial court erred in holding that the doctrine of collateral estoppel barred her from asserting a gross negligence claim against the individual defendants. Whitley contends that the issue in the federal action was whether the individual defendants were guilty of "deliberate indifference" to Jenkins's serious medical needs under 42 U.S.C. § 1983, rather than of gross negligence. She argues that in order for collateral estoppel to bar the present action against the individual defendants, the federal district

5

court must have adjudicated the "precise same issue" presented in her motion for judgment.

Although we agree with Whitley that her motion for judgment states a claim of gross negligence, we find no merit in the balance of her argument because she has misconstrued the doctrine of collateral estoppel. The fact that "reckless indifference," as pled in support of the claim under 42 U.S.C. § 1983, and "gross negligence" are distinct causes of action does not affect application of the doctrine of collateral estoppel. Unlike the doctrine of res judicata, the doctrine of collateral estoppel does not turn upon the issue whether a cause of action in a prior proceeding is the same as a cause of action brought in a later proceeding. See Bates v. Devers, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974).

The doctrine of collateral estoppel precludes the same parties to a prior proceeding from litigating in a later proceeding any issue of fact that actually was litigated and was essential to the final judgment in the first proceeding. Glasco v. Ballard, 249 Va. 61, 64, 452 S.E.2d 854, 855 (1995); Bates v. Devers, 214 Va. at 671, 202 S.E.2d at 921. This doctrine applies even when the later proceeding asserts a different claim for relief. Glasco, 249 Va. at 64, 452 S.E.2d at 855; Pickeral v. Federal Land Bank, 177 Va. 743, 750-51, 15 S.E.2d 82, 85 (1941). However, before the doctrine of collateral estoppel may

6

be applied, four requirements must be met: (1) the parties to the two proceedings must be the same; (2) the factual issue sought to be litigated must have been actually litigated in the prior proceeding; (3) the factual issue must have been essential to the judgment rendered in the prior proceeding; and (4) the prior proceeding must have resulted in a valid, final judgment against the party to whom the doctrine is sought to be applied. Glasco, 249 Va. at 64, 452 S.E.2d at 855; Bates, 214 Va. at 671, 202 S.E.2d at 921.

In the present case, we conclude that all four of these requirements have been met with regard to Whitley's gross negligence claim against the individual defendants. First, the plaintiff and the individual defendants were parties to both actions.

Second, we conclude that the factual issues underlying Whitley's state court claim of gross negligence, regarding the medical care that the individual defendants provided to Jenkins, were actually litigated in the federal action. A claim of gross negligence, which involves the "absence of slight diligence, or the want of even scant care," will not lie if the defendant exercised some degree of care with regard to the plaintiff. Colby v. Boyden, 241 Va. 125, 133, 400 S.E.2d 184, 189 (1991) (quoting Frazier v. City of Norfolk, 234 Va. 388, 393, 362 S.E.2d 688, 691 (1987)).

The federal district court's resolution of the factual issues regarding the care the defendants gave Jenkins included the court's findings that Dr. Ibarra actively monitored Jenkins's condition by reviewing his blood samples, counseling him regarding the importance of taking his medication, and assessing his capability of following a daily medication regimen. The federal district court further found that Jenkins received frequent medical treatment and achieved a "medication ingestion ratio" of over 85% during his incarceration at St. Brides.

With regard to the defendant nurses, the federal district court found that the defendant nurses assisted Dr. Ibarra and other staff physicians in their treatment of Jenkins, monitored Jenkins's medication, and concurred in Dr. Ibarra's assessment that Jenkins was capable of following his prescribed medication regimen. Thus, the federal district court's findings show that the defendants exercised at least some degree of care toward Jenkins.

Third, we conclude that these issues of fact regarding the medical care rendered by Dr. Ibarra and the defendant nurses were essential to the federal district court's judgment. In order to award summary judgment for the individual defendants on Jenkins's "reckless indifference" claim under 42 U.S.C. § 1983, the federal district court had to find that the individual

8

defendants' actions were not so grossly incompetent or inadequate as to shock the conscience or be intolerable to fundamental fairness. See Adams v. Poag, 61 F.3d 1537, 1544 (11th Cir. 1995); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986). In this case, the factual findings concerning the medical care rendered by the individual defendants were essential to the federal district court's determination that Whitley "ha[d] failed to bring forth sufficient evidence that could shock the conscience of a reasonable jury and lead to a finding of deliberate indifference." Whitley v. Lewis, No. 2:93cv268, at 9.

Fourth, we conclude that the federal district court's order awarding summary judgment for the individual defendants on Whitley's § 1983 claim became a valid, final judgment against Whitley, the party against whom the doctrine of collateral estoppel is being applied in the present case. Thus, we hold that the trial court did not err in ruling that the doctrine of collateral estoppel barred Whitley's claim of gross negligence against the individual defendants.

The trial court also held that Whitley's claim of gross negligence against the Commonwealth was barred by the doctrine of collateral estoppel. In reaching this result, the trial court erroneously concluded that the parties to the state and

9

federal actions were the same.  Although the individual
defendants were parties to the federal action, the Commonwealth
was not.  Thus, the doctrine of collateral estoppel would not
apply directly to bar Whitley's gross negligence action against
the Commonwealth.  See Glasco, 249 Va. at 64, 452 S.E.2d at 855;
Bates, 214 Va. at 671, 202 S.E.2d at 921.  However, the result
that the trial court reached, holding that the present gross
negligence claim was barred against the Commonwealth, is correct
for the reason that collateral estoppel barred the claim based
on the Commonwealth's privity with its defendant employees.[*]  See
Kesler v. Fentress, 223 Va. 14, 16-17, 286 S.E.2d 156, 157
(1982); Nero v. Ferris, 222 Va. 807, 813, 284 S.E.2d 828, 832
(1981).

The Commonwealth acts only through its employees or through
its agencies.  See Lawhorne v. Harlan, 214 Va. 405, 407, 200
S.E.2d 569, 571 (1973); Sayers v. Bullar, 180 Va. 222, 227, 22
S.E.2d 9, 11 (1942).  Any liability of the Commonwealth under
the Tort Claims Act rests solely on a "negligent or wrongful act
or omission of any employee while acting within the scope of his
employment under circumstances where the Commonwealth . . ., if
a private person, would be liable to the claimant for such

_____

[*]In reaching this conclusion, we express no opinion whether
the Commonwealth has waived its common law immunity for gross
negligence claims under the Tort Claims Act.  The trial court

10

damage, loss, injury, or death."  Code § 8.01-195.3.  Thus, if factual findings binding on a plaintiff through collateral estoppel preclude, as a matter of law, a holding of gross negligence against an employee of the Commonwealth, such a holding is also precluded as a matter of law against the Commonwealth.

Here, under the factual findings of the federal district court, the medical care provided to Jenkins by the individual defendants is, as a matter of law, insufficient to support a claim of gross negligence against them.  Because of the Commonwealth's identity of interest with its employees' actions in this case, the medical care provided to Jenkins by the individual employees also is insufficient as a matter of law to support a claim of gross negligence against the Commonwealth. Accordingly, since the trial court reached the correct result for the wrong reason, we will assign the correct reason and affirm that result.  Mitchem v. Counts, 259 Va. 179, 191, 523 S.E.2d 246, 253 (2000); Hartzell Fan, Inc. v. Waco, Inc., 256 Va. 294, 303, 505 S.E.2d 196, 202 (1998).

Whitley next argues that the trial court erred in sustaining the plea of sovereign immunity in favor of the individual defendants, and in "concluding without evidence or

did not rule on this issue and, in view of our holding above, we need not address the issue here.

11

trial that the actions of the defendant Ibarra and other individual medical defendants were not ministerial in nature." However, since Whitley offers no argument in support of this assignment of error with regard to Dr. Ibarra, we do not consider that portion of the assignment of error. See Rule 5:27; Atkisson v. Wexford Assocs., 254 Va. 449, 454 n.*, 493 S.E.2d 524, 527 n.* (1997); Quesinberry v. Commonwealth, 241 Va. 364, 370, 402 S.E.2d 218, 222, cert. denied, 502 U.S. 834 (1991). With regard to the defendant nurses, Whitley argues that the trial court erred in concluding that the medical treatment rendered by the nurses consisted of discretionary, not ministerial, acts. Whitley asserts that the nurses made "errors in transcription" that were ministerial in nature and, thus, that these acts were excluded from protection under the defense of sovereign immunity.

In response, the defendant nurses contend that they established their entitlement to the protection of sovereign immunity under the four-part test articulated in James v. Jane, 221 Va. 43, 282 S.E.2d 864 (1980). They argue that Whitley incorrectly characterizes their actions as ministerial and state that they were continually required to make multiple, professional judgments in their evaluation, treatment, and care of all inmates. The nurses assert that, among these judgments,

12

they were required to determine whether Jenkins's condition required further evaluation by Dr. Ibarra.

In deciding this issue, we first observe that the Commonwealth and the defendant nurses have not assigned cross-error to the trial court's holding that Whitley's motion for judgment states a cause of action in ordinary negligence. Therefore, that holding has become the law of this case and is not before us in this appeal. See Pollard & Bagby, Inc. v. Pierce Arrow, L.L.C., 258 Va. 524, 527-28, 521 S.E.2d 761, 763 (1999); Hill v. Hill, 227 Va. 569, 578, 318 S.E.2d 292, 297 (1984); Twin Lakes Mfg. Co. v. Coffey, 222 Va. 467, 474, 281 S.E.2d 864, 867 (1981).

When an employee of the Commonwealth is charged with ordinary negligence and then claims the immunity of the state, four factors must be considered in determining whether the employee is entitled to sovereign immunity for those alleged acts of ordinary negligence. Those factors are: (1) the function that the employee was performing at the time of the alleged negligence; (2) the extent of the state's interest and involvement in that function; (3) the degree of control and direction exercised by the state over the employee; and (4) whether the act performed involved the use of judgment and discretion. Lohr v. Larsen, 246 Va. 81, 85, 431 S.E.2d 642, 644 (1993); James v. Jane, 221 Va. at 53, 282 S.E.2d at 869.

13

Whitley's assignment of error is limited to the trial court's determination that the defendant nurses' acts were discretionary, rather than ministerial, in nature.  Her argument rests entirely on the principle that a plea of sovereign immunity will not be sustained unless the acts at issue involve judgment and discretion necessary to the performance of a governmental function.  Heider v. Clemons, 241 Va. 143, 145, 400 S.E.2d 190, 191 (1991).

In reviewing Whitley's claim, we are guided by established principles.  A plea of sovereign immunity is a defensive plea presenting distinct issues of fact which, if proved, create a bar to the plaintiff's right of recovery.  Tomlin v. McKenzie, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996).  As the moving party, the defendants bear the burden of proving those issues of fact.  Id.  Generally, when no evidence is presented on the plea, the trial court, and the appellate court on review, must rely solely on the pleadings in resolving the issues presented.  Id.; see also Weichert Co. v. First Commercial Bank, 246 Va. 108, 109, 431 S.E.2d 308, 309 (1993).  Here, however, the trial court also was entitled to consider the factual findings of the federal district court, which were binding on Whitley under the doctrine of collateral estoppel.

In reviewing the record on the defendants' plea of sovereign immunity, we consider as true the facts alleged in

14

Whitley's motion for judgment and bill of particulars.  See

Tomlin, 251 Va. at 480, 468 S.E.2d at 884, Glascock v. Laserna,

247 Va. 108, 109, 439 S.E.2d 380, 380 (1994).  Whitley alleged

in her motion for judgment that the defendant nurses allowed

Jenkins's medication levels to fall below the "required

therapeutic minimums."  Whitley alleged in her bill of

particulars that the nurses, among other things, "transcribed

from the chart the wrong dosage for Delantin and Phenobarbital,"

"failed to compare and verify the dosage for Jenkins['s] seizure

medications," and "prepared incorrect renewal prescriptions for

Jenkins."  Whitley also alleged in her bill of particulars that

the nurses "misconstrued and misapplied" the physicians orders

"concerning the administration of Jenkins['s] seizure

medications," "failed to monitor" the medical records, and

"failed to schedule Jenkins to see Dr. Ibarra" for periodic

review of his seizure medications.

The federal district court found that the defendant nurses'

"primary contact with Jenkins occurred when they assisted Dr.

Ibarra (and other physicians) in treating Jenkins and when they

administered his medication at the pill window."  The federal

district court also found that the nurses agreed "with Dr.

Ibarra that [Jenkins] was capable of following his seizure-

preventing regimen."

Although the nurses' acts described in this record have some ministerial components, the acts themselves are discretionary in nature and require the exercise of judgment when considered in the context of the treatment rendered. The nursing activities described in Whitley's pleadings and the federal district court's findings of fact involve the provision of health care to an inmate, in conjunction with physicians' orders, that required the nurses to administer, monitor, and assess the effects of medication prescribed for treatment of a serious medical condition. Thus, the record supports the trial court's conclusion that the nurses' acts at issue required them to exercise their judgment and discretion. Since Whitley does not argue that the trial court otherwise misapplied the four-part test of James v. Jane, we will uphold the trial court's ruling sustaining the plea of sovereign immunity in favor of the individual defendants.

Whitley also argues that the trial court erred in entering summary judgment in favor of the Commonwealth on the claim of ordinary negligence based on the doctrine of sovereign immunity. She notes that the trial court did not address in its opinion letter the issue of the Commonwealth's liability under the Tort Claims Act for its employees' acts of ordinary negligence. Whitley contends that the plain language of the Act waives the

16

Commonwealth's immunity for acts of ordinary negligence committed by employees within the scope of their employment.

In response, the Commonwealth argues that the trial court properly entered summary judgment on its behalf. The Commonwealth does not contest its limited liability under the Tort Claims Act for injury or death caused by its employees' acts or omissions constituting ordinary negligence while the employees were acting within the scope of their employment. Instead, the Commonwealth asserts that Whitley's ordinary negligence claim is excluded by either of two exceptions to the Tort Claims Act. First, the Commonwealth contends that this claim is subject to the exception set forth in Code § 8.01-195.3(4), which precludes any claim "based upon an act or omission of an officer, agent or employee of any agency of government in the execution of a lawful order of any court." In support of its position, the Commonwealth cites Baumgardner v. Southwestern Virginia Mental Health Institute, 247 Va. 486, 442 S.E.2d 400 (1994). We find no merit in the Commonwealth's argument.

The order on which the Commonwealth relies is the judgment order convicting Jenkins and committing him to the custody of the Department of Corrections to serve the sentence imposed on him. Thus, under the Commonwealth's argument, any inmate committed to the custody of the Department of Corrections would

17

be excluded as a matter of law from bringing any claim against the Commonwealth otherwise authorized by the Tort Claims Act, simply because a court lawfully has ordered that the inmate be incarcerated. We conclude that the language of Code § 8.01-195.3(4) does not provide such a sweeping exemption to the Tort Claims Act.

Instead, this statutory exception addresses the type of court order at issue in Baumgardner, in which the decedent was admitted to Southwestern Virginia Mental Health Institute (Southwestern) pursuant to a Civil Mental Temporary Detention Order (detention order) for a maximum period of 48 hours for emergency medical evaluation and treatment. 247 Va. at 488, 442 S.E.2d at 401. The administrator of the decedent's estate alleged in his motion for judgment that employees of Southwestern, which was controlled and maintained by the Commonwealth, were negligent in failing to provide adequate emergency and non-emergency medical care to the decedent, who died from a cardiac arrhythmia. Id. at 487-88, 442 S.E.2d at 400-01.

We held that the administrator's negligence claim was barred by Code § 8.01-195.3(4), because the allegedly negligent acts all occurred within the 48-hour period while Southwestern and its employees lawfully were engaged in executing the terms of the detention order. 247 Va. at 489-90, 442 S.E.2d at 402.

18

Unlike the facts presented in Baumgardner, the facts of the present case do not involve employees who were implementing the directives of a court order to provide medical evaluation and care at the time of the alleged acts of medical negligence. Instead, the individual defendants at St. Brides were providing medical care to Jenkins because he was an inmate of that facility. Thus, the acts complained of did not occur "in the execution of a lawful order of any court," within the meaning of Code § 8.01-195.3(4).

Next, the Commonwealth contends that Whitley's ordinary negligence claim is precluded by Code § 8.01-195.3(7). That provision excludes from coverage under the Tort Claims Act "[a]ny claim by an inmate of a state correctional facility," in which the claimant has not filed an affidavit verifying that "he has exhausted his remedies under the adult institutional inmate grievance procedures promulgated by the Department of Corrections." Id. We disagree with the Commonwealth's argument.

The plain language of Code § 8.01-195.3(7) applies to a "claim by an inmate of a state correctional facility." Whitley, who is asserting a wrongful death action based on the Commonwealth's liability under the Tort Claims Act, is not an inmate of a state correctional facility. Further, nothing in the statutory language indicates that a claim filed by an

19

administrator of the estate of a deceased inmate is subject to the affidavit requirement of this exception.  Thus, we hold that the Commonwealth failed to meet its burden of proof in support of its plea of sovereign immunity, and that the trial court erred in sustaining the plea and in dismissing the claim of ordinary negligence against the Commonwealth.

For these reasons, we will affirm in part, and reverse in part, the trial court's judgment and remand for trial the claim of ordinary negligence brought against the Commonwealth under the Tort Claims Act.

<u>Affirmed in part,
reversed in part,
and remanded.</u>

20