## CIRCUIT COURT OF THE CITY OF NORFOLK

Carmela M. Sarno

v.

Cladeen K. Clanton

August 22, 2002

Case No. (Law) L01-2701

BY JUDGE CHARLES E. POSTON

Today the Court grants the Defendant's motion for summary judgment. In reaching its decision, the Court heard argument of counsel and reviewed their written submissions. Under familiar principle, the facts are stated in the light most favorable to the Plaintiff.

### I. *Interference with Business Expectancy*

To make a prima facie case for interference with business expectancy, the Plaintiff must show (1) the existence of a business relationship or expectancy, with a probability of future economic benefit to plaintiff; (2) defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy; and (4) damage to plaintiff. *Commercial Business Systems v. Halifax Corp.,* 253 Va. 292, 300 (1997) (citing *Glass v. Glass*, 228 Va. 39, 51-52 (1984)).

In this case, the Plaintiff has failed to show the first, third, and fourth elements.

The Plaintiff has failed to show in her pleadings that she possessed any identifiable business expectancy or that she would have realized such an expectancy had the Defendant not acted. The Plaintiff admitted that the Defendant made the alleged damaging statements to her brother and her private investigator. Response to Interrogatory No. 6 of Defendant's Second Set of Interrogatories. The Plaintiff further admitted that she had no expectancy of a business relationship with either her brother or the investigator. Responses to Nos. 4, 5, 6, 7, and 8 of the Defendant's Second Set of Requests for Admissions. The Plaintiff claimed in her Motion for Judgment that potential employers called the Defendant for references; however, even if they did, the Plaintiff had no objective expectancy of employment with any of those employers.

In *Commercial Business Systems v. Halifax Corp.*, Commercial Business Systems alleged that Halifax tortiously interfered with its expectation of a continued business relationship with BellSouth. 253 Va. at 296. CBS's contract with BellSouth was about to expire, but CBS hoped that it could renew that contract for another term. *Id.* at 297. A BellSouth employee who dealt with CBS and was responsible for writing and administering contracts told CBS that they would have no problem renewing the contract with BellSouth. *Id.* at 297-98. That employee, however, changed jobs, and BellSouth did not renew the contract with CBS; instead, BellSouth gave most of its business to Halifax. *Id.* at 298-99. CBS then sued Halifax for interference with its business relationship with BellSouth. *Id.* at 296. The Virginia Supreme Court rejected CBS's argument, stating that "mere proof of a plaintiff's belief and hope that a business relationship will continue is inadequate to sustain the cause of action." *Commercial Business Systems v. Halifax Corp.*, 253 Va. 292, 301 (1997).

Even if the Defendant's alleged statements had been made to potential employers, the Plaintiff had only a mere hope that she would obtain a job. The Plaintiff's subjective belief that she would have obtained employment is not enough to sustain her cause of action for interference with business expectancy. See *id.* Even if the Plaintiff did have a business expectancy, no "probability of future economic benefit to plaintiff" existed. *Id.*, at 301. Only a possibility of such economic benefit existed, and the Virginia Supreme Court has ruled that "[p]roof of a 'possibility' that such benefit will accrue is insufficient" to sustain this cause of action. *Id.* After reviewing the Plaintiff's motion for judgment, responses to requests for admissions, and answers to interrogatories, there is, in the Court's opinion, no dispute to any material fact.

## II. *Defamation*

The Plaintiff has also pleaded a case of defamation. The alleged defamatory statements were pleaded with particularity: "Clanton responded to the question of whether Johns Brothers would rehire Sarno, by stating 'No, absolutely not, there were numerous problems with her' " and "[o]n a separate occasion in February 2001, Clanton was asked about Sarno's performance while employed by Johns Brothers. Clanton responded that she 'did not find complete honesty in her work. . .'." Motion for Judgment ¶ 6-7. The defendant now asserts that, even if the statements made by the defendant were defamatory, the defendant is protected by a qualified privilege. The Court, not the fact finder, must determine whether the Defendant enjoyed a privilege, be it qualified or absolute. *Great Coastal Express v. Ellington*, 230 Va. 142, 153 (1985). When an employer discusses the character of its employee with its employee's potential employers, he is protected by a qualified privilege if such a conversation is made in good faith and if the statements are not made with malice. *Hargrave v. Tignor*, 24 Va. Cir. 353, 358 (Stafford County, 1991) (citing in part *Williams Printer Co. v. Saunders*, 113 Va. 159 (1912)).

Common law malice exists in five different instances. First, the defendant acts with malice when he makes a statement that he knows was false or when he makes a statement with reckless disregard for the truth. *Smalls v. Wright*, 241 Va. 52, 55 (1991). Second, the defendant acts with such malice if he deliberately makes a statement so that those having no interest or duty in the subject may hear the statement. *Id.* If the statement the defendant makes is "unnecessarily insulting" or if "the language used was stronger or more violent than was necessary under the circumstances," the defendant has acted with malice. *Id.* Finally, if the defendant makes the statement out of "hatred, ill will, or a desire to hurt the plaintiff rather than as a fair comment on the subject," that statement was made with malice. *Id.* The plaintiff can overcome the privilege if she proves by clear and convincing evidence that one of the five factors exists. *Id.*

In this case, however, none of these factors apply. Nothing in the motion for judgment, responses to requests for admissions, or responses to interrogatories suggests that the Defendant knew he was making a false statement or that he had reckless disregard for the truth nor that the defendant deliberately made the statement to people who lacked a duty or interest in the subject of the statement. Although the Plaintiff's brother and the investigator did not owe a corresponding interest or duty to the Defendant, Defendant

appears to have thought that they did, thus negating the deliberation required to prove malice. Both the brother and the investigator held themselves out to be the Plaintiff's potential employers. As such, the Defendant reasonably believed them to be so. The statements are not "unnecessarily insulting" nor do the statements contain unnecessarily strong or violent language. Finally, the Plaintiff does not allege that the Defendant made the statement out of some ill will toward her. The Plaintiff, therefore, has failed to state a case for common law malice and the qualified privilege applies.

The Plaintiff argues that, even if the qualified privilege would normally apply in a case of this type, the Court should not apply it in this instance. To support this contention, the Plaintiff directs the Court to the settlement agreement between the Plaintiff and Johns Brothers from a prior case. The agreement states that "[s]hould Johns Brothers be contacted in the future about why Sarno ceased her employment at the company, Johns Brothers will state that Sarno stopped work as a result of her pregnancy and her desire to take care of her twin children." The Plaintiff argues that this portion of the agreement precludes the Defendant, a Johns Brothers employee, from asserting qualified privilege in this case. The Court disagrees. This provision of the agreement merely provides that in the event that Johns Brothers is asked why the Plaintiff left her employment with the company, Johns Brothers will explain that she left to care for her children. Nowhere in the agreement does it prescribe what Johns Brothers should say if asked whether Johns Brothers would hire the Plaintiff again. The agreement does not apply to this case; therefore, the Defendant's qualified privilege defense is not defeated by the agreement.

Because this Court holds that, as a matter of law, the qualified privilege applies, the motion for summary judgment as to the claim of defamation is granted.