## CIRCUIT COURT OF THE CITY OF NORFOLK

Carmela M. Sarno

v.

Johns Brothers, Inc., et al.

July 28, 2003

Case No. (Law) L02-1179

By Judge Charles E. Poston

Carmela M. Sarno seeks judgment against Johns Brothers, Inc., for defamation and breach of contract. Today, the Court sustains Johns Brothers' special plea of collateral estoppel as to each cause of action.

### Facts

Johns Brothers employed Sarno in 1993 and terminated her employment in 1994. Sarno filed a wrongful termination action against Johns Brothers, and that action ended when the parties reached a settlement agreement. That agreement included, *inter alia*, the following provision:

> Should Johns Brothers be contacted in the future about why
> Sarno ceased her employment at the company, Johns Brothers
> will state that Sarno stopped work as a result of her pregnancy
> and her desire to take care of her children.

*Mutual Release and Settlement Agreement* ¶ 10. After the agreement had been executed, Cladeen Clanton, Sarno's former supervisor at Johns Brothers, was

contacted by Sarno's private investigator and her brother. Both posed as potential employers seeking references for Sarno. When asked if Johns Brothers would rehire Sarno, Clanton answered: "No, absolutely not, there were numerous problems with her." *Sarno v. Clanton*, 59 Va. Cir. 384, 386 (Norfolk, 2002). When asked about Sarno's job performance, Clanton responded that she "did not find complete honesty in Sarno's work." *Id.*

When she learned of Clanton's statements, Sarno sued Clanton, claiming interference with business expectancy and defamation. The Court dismissed her claim of interference with business expectancy because she admitted in her pleadings that she had no expectancy of a business relationship with either her brother or her private investigator. Additionally, she did not allege or, in response to discovery pleadings, show that she would have realized a business expectancy had Clanton not responded as she did. The Court went further, however, and held:

> Even if the Defendant's [i.e. Clanton's] alleged statements had been made to potential employers, the Plaintiff had only a mere hope that she would obtain a job. The Plaintiff's subjective belief that she would have obtained employment is not enough to sustain a cause of action for interference with business expectancy.

*Id.* at 385. Holding that Clanton enjoyed a qualified privilege when responding to the question about Sarno, the Court also dismissed the defamation claim. The Court in *Sarno v. Clanton* relied on Sarno's own pleadings, to be sure, but, more significantly, the Court relied heavily on Sarno's responses to interrogatories and requests for admissions.

Sarno also asserted that Clanton violated the terms of the settlement agreement by responding as she did to the questions. The Court disposed of that argument directly:

> This provision of the agreement merely provides that in the event that Johns Brothers is asked why the Plaintiff left her employment with the company, Johns Brothers will explain that she left to take care [of] her children. Nowhere in the agreement does it prescribe what Johns Brothers would say if asked whether Johns Brother would hire the Plaintiff again. The agreement does not apply to this case; therefore, the

> Defendant's qualified privilege defense is not defeated by the agreement.

*Id.* at 387.

Having failed in her attempt to recover against Clanton, Sarno now comes to the Court seeking recovery from Johns Brothers on the same facts involved in the action against Clanton.

## Discussion

The Virginia Supreme Court has defined collateral estoppel: "The doctrine of collateral estoppel precludes parties to a prior action and their privies from litigating in a subsequent action any factual issue that actually was litigated and was essential to a valid final judgment in the prior action." *Angstadt v. Atlantic Mutual Ins. Co.*, 249 Va. 444, 446 (1995) (citations omitted). For the doctrine to apply, certain elements must exist:

> (1) [T]he parties to the prior and subsequent proceedings, or their privies, must be the same, (2) the factual issue sought to be litigated actually must have been litigated in the prior action, (3) the factual issue must have been essential to the judgment rendered in the prior proceeding, and (4) the prior action must have resulted in a judgment that is valid, final and against the party against whom the doctrine is sought to be applied. In addition to these elements, there also must be "mutuality," i.e., a litigant cannot invoke collateral estoppel unless he would have been bound had the litigation of the issues in the prior action reached the opposite result.

*Id.* at 446-47 (citations omitted). All four requirements of collateral estoppel are present in the instant case. At argument, the only disputed issues concerning collateral estoppel were (1) whether mutuality is in fact a requirement for collateral estoppel, and (2) whether mutuality exists between Cladeen Clanton and Johns Brothers. In *Angstadt, supra*, the Virginia Supreme Court used very plain language when holding that mutuality is indeed necessary for collateral estoppel to apply. It is obvious that mutuality is satisfied between Cladeen Clanton and Johns Brothers because of their

employee-employer relationship and the subject matter of the comments allegedly made by Clanton.

## A. *Privity of Parties*

The first requirement is identity of parties or that the instant parties be privies of the original parties. Whether there exists privity for purposes of collateral estoppel is determined on a case-by-case analysis, led by the principle that "privity generally involves a party so identical in interest with another that he represents the same legal right." *Nero v. Ferris,* 222 Va. 807, 812 (1981). Johns Brothers claims identity of parties, relying on the concept that "[c]orporations can only act through agents." *Neff Trailer Sales, Inc. v. Dellinger,* 221 Va. 367, 371 (1980) (quoting *Bardach Iron & Steel Co. v. Charleston Port Terminals,* 143 Va. 656, 672 (1925)). The Supreme Court explained this concept with respect to actions involving the Commonwealth and her employees:

> The Commonwealth acts only through its employees or through its agencies. Any liability of the Commonwealth under the Tort Claims Act rests solely on a "negligent or wrongful act or omission of any employee while acting within the scope of his employment under circumstances where the Commonwealth … if a private person, would be liable to the claimant for such damage, loss, injury, or death." Thus, if factual findings binding on a plaintiff through collateral estoppel preclude, as a matter of law, a holding of gross negligence against an employee of the Commonwealth, a holding is also precluded as a matter of law against the Commonwealth.

*Whitley v. Commonwealth,* 260 Va. 482, 491 (2000) (citations omitted). Likewise, the Supreme Court recognized privity between an employee and employer regarding an action taken by the employee within the scope of his employment. *Nero,* 222 Va. at 813 ("In other words, to support the jurisdictional grounds claimed, the plaintiff would have been required to prove that William as agent operated Noah's vehicle in California. … Hence, we apply collateral estoppel here on the narrow basis of privity."). Sarno conceded at oral argument that privity existed because Clanton is an employee of Johns Brothers and made the statements at issue within the scope of her

employment. Even without that concession, however, the Court holds that privity exists between Clanton and Johns Brothers.

## B. *Actually Litigated*

The second element is whether the factual issue sought to be litigated had actually been litigated in the prior action. For an issue to be considered to have been actually litigated, it is sufficient if evidence was presented on the issue in the prior proceeding. *Transdulles Center, Inc. v. Sharma*, 252 Va. 20, 24 (1996). It is not necessary for the parties to have both been present at the hearing in which evidence was presented nor is it necessary for the issue to have ever been contested. *Id.* With reference to the defamation issue in the case at bar, evidence was presented through answers to discovery and pleadings in the prior case and was also contested. Therefore, the defamation issue was actually litigated in the prior case. The breach of contract issue, in the prior case, was also presented to the Court in the same fashion, was disputed, and was, therefore, actually litigated. The Court's rulings in the former case were not based on mere pleadings, but were based on *facts* established by the pleadings.

## C. *Essential to the Judgment*

The standard for determining whether a ruling on a factual issue was essential to the judgment of the prior proceeding is a more exacting standard. The Supreme Court has held that a finding without which the judgment or remedy would be different is deemed to be essential to the judgment of the case. *Transdulles*, 252 Va. at 24. Because the issue is rarely litigated in Virginia, it is helpful to look at a similar standard enunciated by the United States Supreme Court. To determine whether the issue was essential to the judgment, the Court asked whether the trier of fact "could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Ashe v. Swenson*, 397 U.S. 436, 444 (1970) (footnotes omitted). The instant defamation claim is based on the same statements and surrounding facts as in the prior suit, in which this Court granted summary judgment, finding the statements not to be defamatory. *Sarno*, 59 Va. Cir. at 387. The ruling on the nature of the statement was essential to the judgment. The Court also ruled in the prior suit that Clanton was entitled to a qualified privilege, thus changing the standard for finding defamation from negligence

to malice, a much higher burden. *Sarno*, 59 Va. Cir. at 386. In ruling that Clanton was entitled to a qualified privilege, it was essential to reject the argument that the allegedly defamatory statements breached the settlement agreement between Sarno and Johns Brothers.

## D. *Valid, Final Judgment*

The judgment in *Sarno v. Clanton* is a valid, final judgment. Writing with reference to the facts of *Feldman v. Rucker*, the Virginia Supreme Court prescribed the standard for a valid and final judgment:

> The decree thus adjudicated, settled, and disposed of all issues of law and fact between the trustees and Feldman. All the relief sought was awarded, and the decree left nothing to be done in the cause except its ministerial execution. It is not an interlocutory decree, but a final decree.

201 Va. 11, 17 (1959). The prior judgment denied all relief, disposing, the Court thought, of all issues of law and fact. Sarno's counsel stated at oral argument that they had exhausted all appellate remedies, and the decision of this Court is the only decision of record.

## E. *Mutuality*

In *Ferebee v. Hungate*, 192 Va. 32 (1951), the Virginia Supreme Court held:

> On the principle that estoppels must be mutual, no person is entitled to take advantage of a former judgment or decree, as decisive in his favor or a matter in controversy, unless, being a party or privy thereto, he would have been prejudiced by it had the decision been the other way.

*Id.* at 37. Perhaps, as Sarno asserts, the Supreme Court tempered the mutuality doctrine in *Bates v. Devers*, 214 Va. 667 (1974), but the Court declined the

---

[1] On mutuality, the *Bates* court stated: "But, as is the case with any other judicial doctrine grounded in public policy, the mutuality doctrine should not be mechanistically applied when it is *compellingly clear* from the prior record that the

invitation to eliminate mutuality as a required element in *Norfolk & W. Ry. v. Bailey Lumber Co.*, 221 Va. 638, 641 (1980) ("Mindful of the [national] trend [to abrogate the mutuality rule], we decline to spurn the necessity for mutuality in this case."). Mutuality is an element of collateral estoppel and has not been abrogated.

A corollary of privity, parties so identical in interest with another that they represent the same legal right, is embodied in the mutuality doctrine. "[A] litigant is generally prevented from invoking the preclusive force of a judgment unless he would have been bound had the prior litigation of the issue reached the opposite result." *Nero*, 222 Va. at 812. In this case, Sarno argued that no mutuality exists between Clanton and Johns Brothers because the prior suit was only against the employee in her private capacity rather than in her capacity as an employee. *Opp. to Defs' Special Plea of Collateral Estoppel* at 3. For purposes of ruling on qualified privilege, however, the Court concluded that Clanton, the former defendant, was acting as an employee of Johns Brothers. *Sarno v. Clanton*, 59 Va. Cir. 384, 386-87 (2002). Because Clanton was acting within the scope of her employment, all liability that Johns Brothers may incur is derivative of Clanton's liability.

*Ferebee v. Hungate*, a case examining mutuality, cites with approval the application of collateral estoppel in the following situation:

> We held that, since there had been a judicial determination in the action involving Ward's cross-claim against Harper, Ward was not entitled to recover against Harper, the operator of the car, *therefore Ward could not recover against Charlton, the owner of the car, because the liability of the owner was necessarily predicated upon the negligence of the operator-agent of the owner.* There were an identity of parties and issues and each of the parties had had their day in court.

192 Va. 32, 40 (1951) (emphasis added) (discussing *Ward v. Charlton*, 177 Va. 101 (1941)). It is not clear whether situations involving derivative liability are exceptions to the mutuality doctrine,[2] or if mutuality has been met as all

---

party in the subsequent civil action against whom collateral estoppel is asserted has fully and fairly litigated and lost an issue of fact which was essential to the prior judgment." *Bates*, 214 Va. at 671.

[2] "In addition, an exception to the rule of mutuality has been recognized where the liability of the person invoking the former judgment is only derivative, i.e., based

parties have fully and fairly litigated the issue.[3] Regardless, this is a fact scenario in which collateral estoppel has been deemed appropriate. Therefore, the mutuality requirement has been met.

## Conclusion

The Court sustains the Special Plea in Bar. In the prior suit, the Court, in ruling on the defamation and breach of contract claims, disposed of all factual issues pertinent to either claim. Sarno, then, is collaterally estopped from relitigating the defamation and breach of contract claims.

---

solely upon the fault of another who has been exonerated." *Graves v. Associated Transp., Inc.*, 344 F.2d 894, 898 (4th Cir. 1965) (applying Virginia law) (citing *Ward v. Charlton*, 177 Va. 101 (1941)).

[3] *Ferebee* never held, explicitly, that mutuality exists in situations of derivative liability. However, mutuality was at issue in *Ferebee*, and the Court cited situations of derivative liability with approval. *Ferebee*, 192 Va. at 40.