# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Dorothy Ross White

v.

Sonia V. Belgrave
and Agnes Porterfield

December 4, 2013

Case No. 11-437

BY JUDGE EDWARD L. HOGSHIRE

This is a medical malpractice action in which the plaintiff, Dorothy Ross White, claims to have suffered injury while under the care of the defendants, Sonia V. Belgrave and Agnes Porterfield, registered nurses at the University of Virginia Medical Center. The Defendants have filed special pleas of sovereign immunity, which, if granted, would limit Plaintiff's right of recovery. *Whitley v. Commonwealth*, 260 Va. 482, 493, 538 S.E.2d 296, 302 (2000). As the moving parties, the Defendants have the burden of proving the matters before the court. *Id.* After careful consideration of the pleadings, stipulations, and legal memoranda of counsel, the Court, for reasons set forth below, will deny the Defendants' pleas of sovereign immunity.

## Statement of Facts

The statement of facts is derived from the complaint and party stipulations.

This case concerns an injury to the Plaintiff's hand, which allegedly occurred as a result of, *inter alia*, the negligent placement of an IV by Nurse Belgrave and Nurse Porterfield. At the time of the alleged injury, the Defendant Nurses were employed by the Commonwealth of Virginia and both were working as registered nurses in the Digestive Health

Center ("DHC") at the University of Virginia Medical Center ("UVA"). Stip. ¶ 2. Both Nurses were subject to the direction and control of those above them as well as the rules and regulations of the DHC; nonetheless, they did have the ability to exercise discretion in the performance of their duties. Stip. ¶¶ 21, 22. Pursuant to their employment, the Nurses received their salary solely from the Commonwealth of Virginia, and it was not contingent on the number or type of patients they saw. Stip. ¶¶ 15, 16, 17. Neither of the Defendant Nurses was involved in the billing of patients nor were they able to forgive fees for patients. Stip. ¶ 17.

On February 25, 2010, Plaintiff was under the care of Defendant Nurses for an upper endoscopy and biopsy, for the treatment of dysphagia. Amended Complaint ¶ 7. Prior to the procedure, the Defendant Nurses were tending to the Plaintiff and were responsible for inserting an IV. *Id.* At the time, neither Nurse was a student or trainee nor were they involved in teaching or supervising any students or research. Stip. ¶ 10. The Defendant Nurses attempted IV access dorsally in Plaintiff's right hand or wrist with a 22-gauge cannula. *Id.* at ¶ 8. However, it is alleged that the Defendants missed the correct cite for the IV and ended up striking a nerve in Plaintiff's hand. *Id.* Following said attempt, the Nurses proceeded to probe, advance, and delay removing the cannula in the hand, which resulted in nerve damage. *Id.*

After the nerve was struck, Plaintiff alerted Defendant Nurses to pain and numbness in her right hand, index and middle fingers and, following the procedure, this pain spread into her right hand and arm. *Id.* at ¶ 9. As a result of this pain, Plaintiff sought treatment of the injury for over a year that allegedly resulted from the Defendant Nurses' failure to properly place the needle, timely remove it from the wrong site, and/or warn or assist the other in performing the task properly. *Id.* at ¶ 10. This suit is for the damages sustained by the Plaintiff as a result of the allegedly improper placement of the IV.

*Question Presented*

Are Defendant Nurses, who are registered nurses who provided medical care to patients in the Digestive Health Center at the University of Virginia Medical Center, entitled to the protection of sovereign immunity?

*Legal Analysis*

In order to determine whether an employee of the Commonwealth of Virginia is entitled to protection under the doctrine of sovereign immunity, it is necessary to consider the four-factor test articulated in *James v. Jane* and further elaborated in *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984). *McCloskey v. Kane*, 268 Va. 685, 689, 604 S.E.2d 59, 61 (2004). The four factors to consider include:

(1) The nature of the function performed by the employee;

(2) The extent of the state's interest and involvement in that function;

(3) The degree of control exercised by the state over the employee; and

(4) Whether the alleged negligent act involved the use of judgment and discretion.

*Messina*, 228 Va. at 313, 321 S.E.2d at 663. The disagreement between the parties centers on whether or not all four factors have been satisfied to provide Defendants with sovereign immunity. In order to determine whether or not sovereign immunity is appropriate in this case, it is necessary to consider each of the four factors.

A. *The Function Performed and the State's Interest in That Function*

The first two factors are typically considered together because of how related and interdependent they are. *Hey v. University of Va. Health Servs. Found.*, 80 Va. Cir. 360, 363, 2010 Va. Cir. LEXIS 168 (Charlottesville 2010); *see also Lohr v. Larson*, 246 Va. 81, 85, 431 S.E.2d 642, 644; *Gargiulo v. Ohar*, 239 Va. 209, 213, 387 S.E.2d 787, 789-90 (1990). This interdependence stems from the fact that, when the function of a government employee is essential to the significant governmental objective, there is a presumption in favor of granting immunity. *Roush v. West*, 83 Va. Cir. 407, 413 (Charlottesville 2011) (quoting *Lohr*, 246 Va. at 85, 431 S.E.2d at 644). Conversely, if the employee's function is only marginally related to the governmental objective and the government's objective is slight, immunity is disfavored. *Lohr*, 246 Va. at 85, 431 S.E.2d at 644.

In the present case, Defendant Nurses claim that their specialized functions in the DHC are essential to the broader vital interest of the Commonwealth which is to protect, improve, and preserve the public health of Virginia patients like the Plaintiff. In a variety of cases, the Supreme Court of Virginia has noted that the Commonwealth has a "paramount interest" in:

> the operation of a medical school and training physicians to teach in and to administer the school, *James*, 221 Va. at 54, 282 S.E.2d at 870, the thorough training and maintaining of a pool of medical specialists skilled in a particular discipline, *Gargiulo*, 239 Va. at 213, 387 S.E.2d at 790, and the provision of quality medical care for citizens in economically disadvantaged areas who are otherwise unable to secure such services from the private sector. *Lohr*, 246 Va. at 86, 431 S.E.2d at 645 (finding the provision of medical services to the poor to be integral to "the protection, improvement, and preservation of the public health [which is] essential to the

general welfare of the citizens of the Commonwealth (quoting Va. Code § 32.1-2))."

*Roush v. West*, 83 Va. Cir. at 413-14. However, these significant interests are distinguished from occasions where the nurse or doctor was involved in the treatment of a specific patient because the Commonwealth only has a slight interest in said activity. *James*, 221 Va. at 54, 282 S.E.2d at 870; *see also Gaines v. Health Servs. Found.*, 80 Va. Cir. 336, 343, 2010 Va. Cir. Lexis 176 (Charlottesville 2010) (finding that the primary function of several nurses employed at the University of Virginia Hospital was the provision of patient care and holding them not entitled to sovereign immunity); *Houchens v. Rector & Visitors of the Univ. of Va.*, 23 Va. Cir. 202, 210-12, 1991 Va. Cir. Lexis 84 (Charlottesville 1991) (denying sovereign immunity to highly specialized nurses whose primary function was patient care). Sovereign immunity is usually denied in instances where the primary function of the defendant is individual patient care because that function is not one in which the Commonwealth has a vital interest.

In the present case, Defendant Nurses' core function was to provide medical care to an individual patient, the Plaintiff, and it was not in furtherance of any vital interest of the Commonwealth. The Defendants were not involved in supervising, teaching, or researching during the period in which they provided treatment to the Plaintiff. Stip. ¶¶ 10, 11. Moreover, the Nurses themselves were neither trainees nor students on February 25, 2010. *Id.* On the day of the incident, the Nurses were assigned to provide direct medical nursing care to the Plaintiff and more specifically, they were involved in providing the Plaintiff with venipuncture services. Stip. ¶¶ 9, 12. In reviewing the facts of this case, it appears that the Nurses actions were not essential to any of the paramount interests discussed above and were, in fact, more consistent with the provision of individual care to the Plaintiff. As stated in *James*, the Commonwealth has a general interest and concern with patient care, but it does not have a *significant* interest in said activity, which is required for the invocation of sovereign immunity. *See James*, 221 Va. at 54, 282 S.E.2d at 870 (emphasis added).

## B. *Degree of Control Exercised by the State*

The next factor to consider in determining whether Defendant Nurses are entitled to the veil of sovereign immunity is the extent of control exercised by the state over them. A high level of control weighs in favor of immunity. *Lohr*, 246 Va. at 88, 431 S.E.2d at 646; *James*, 221 Va. at 54, 282 S.E.2d at 870. Conversely, a low level of control weights against immunity. *Lohr*, 246 Va. at 88, 431 S.E.2d at 646.

In the present case, the Commonwealth did exercise substantial control over the Defendant Nurses' activities. Unlike the physicians in

*James v. Jane*, the Nurses were only paid a salary by the Commonwealth, the salary was not based on the number of patients they saw, and neither of them had discretion to choose the patients that were admitted or the ones whom they would see. Stip. ¶¶ 14, 15, 16. In addition, they had no input regarding the billing of patients because the Nurses did not bill patients specifically for their services, and they could not forgive fees for treatment provided. Stip. ¶ 17. Finally, Defendant Nurses were subjected to rules and regulations established by DHC when it came to patient care procedures. Stip. ¶ 23. As a result of these considerations, the high level of control exercised by the Commonwealth does support the granting of immunity.

## C. The Use of Judgment and Discretion

It is also necessary to consider the level of judgment and discretion used by Defendants in the treatment of Plaintiff. High levels of discretion exercised by a state employee, however, weigh in favor of immunity. *Lohr*, 246 Va. at 88, 431 S.E.2d at 646; nevertheless, the amount of discretion is not always determinative. *James*, 221 Va. at 53, 282 S.E.2d at 869.

While Defendant Nurses were subject to the direction and control of those above them as well as the rules and regulations of the DHC, each of them was permitted to exercise discretion when it came to specific patient care. Stip. ¶ 21. This case is similar to *Rogers v. Commonwealth*, where the court held that, "[w]hile the defendants are under the supervision of more senior nursing staff, the supervision is not constant, and the defendants' training equips them to make independent judgments about how to carry out their duties throughout each day." 38 Va. Cir. 217, 220 (Albemarle County 1995). However, this does not seem to be a very high level of discretion, given that inserting an IV is a fairly routine activity and healthcare professionals, such as emergency medical technicians, are able to perform the task; nonetheless, discretion is used when attempting to perform a venipuncture when it comes to where to insert the cannula. As a result, this factor weighs slightly in favor of granting immunity. Stip. ¶ 22.

## Conclusion

In conclusion, this Court finds that the Defendant Nurses have not demonstrated that their functions were in furtherance of a paramount state interest, and this factor weighs so heavily against granting them the protection of sovereign immunity that both of their pleas of sovereign immunity must be denied.